By consent, the judge presiding heard and determined the issues of fact and law arising upon the pleadings in this action. The facts found by the judge, material to the exceptions upon which assignments of error are based, are as follows:
(1) That Sallie S. Whitten became the owner in fee and entered into possession of the lot of land situate in the city of Henderson, described in the complaint, by virtue of a deed executed by M. S. Alley and others, dated 15 May, 1893, and duly recorded in Vance County, conveying the same to her.
(2) That a paper-writing, dated 17 November, 1897, executed by Sallie S. Whitten, and sufficient in form to convey the said lot of land to Samuel S. Whitten, her husband, was recorded in the office of the register of deeds of Vance County on 15 September, 1914; that the execution of the said paper-writing was acknowledged by Sallie S. Whitten on 17 November, 1897, before a notary public, whose certificate did not comply with C. S., 2515, in that said certificate does not state that the notary public found and concluded that the execution of the said paper-writing by Sallie S. Whitten was "not unreasonable or injurious to her."
(3) That Sallie S. Whitten died, 29 July, 1912, intestate, leaving surviving her husband, Samuel S. Whitten, and their seven children, including the plaintiffs herein, as her heirs at law.
(4) That Samuel S. Whitten was in possession of the said lot of land from his wife's death, on 29 July, 1912, until his death, on 7 September, 1919, and that the defendant, executor and trustee under his will, has been in possession of the same since the death of the said Samuel S. Whitten, receiving the rents and profits therefrom.
(5) That the last will and testament of Samuel S. Whitten, with codicils thereto, was duly probated in Virginia, and thereafter certified *Page 300 
and recorded in Vance County; that by said will and codicils Samuel S. Whitten devised and bequeathed property to each of his children by Sallie S. Whitten, his wife, including the plaintiffs herein, but made no specific devise of, or reference to, the lot of land described in the complaint; that the will contains a general residuary clause, by which the testator devised the residue of his estate to his executor upon certain trusts therein set out; that a paper-writing was duly probated in Virginia and certified and recorded in Vance County, North Carolina, as a codicil to the said will, in words as follows:
STATE OF VIRGINIA — City of Roanoke.
To wit, I, Samuel S. Whitten, of the city of Roanoke, Va., do hereby make oath and say that in the year 1884 I voluntarily changed my name from Samuel L. Whitten to Samuel S. Whitten. This change was made on my own volition and without any particular reason.
I also further make oath and say that my wife, Sallie S. Whitten, never had any of her money in any property that I own or ever did own. It is my desire that this affidavit be made part of my last will and testament.
Given under my hand, this 13 May, 1919.
(Signed) SAMUEL S. WHITTEN.
Subscribed and sworn to before me, notary public for the city and State aforesaid, this 13 May, 1919.
 (Signed) W. P. BOWLING, Notary Public. (Seal)
My commission expires 1 August, 1920.
Upon the facts found by the court, which are fully set out in the judgment, it is ordered and adjudged that the children of Sallie S. Whitten, as her heirs at law, are the owners in fee and entitled to the possession of the land described in the complaint, and that they recover of the defendant possession of the said land, together with the rents and profits therefrom since the death of Samuel S. Whitten.
It is ordered that such of the children and heirs at law of Sallie S. Whitten as have not been formally named as parties hereto shall not receive their portion of the recovery adjudged herein until admitted as formal parties, which may be done by the clerk, and shall contribute their proportion of the expenses of the action.
It is ordered that a reference be had to ascertain the amount which plaintiffs are entitled to recover of the defendant on account of rents and profits from the said land since the death of Samuel S. Whitten. *Page 301 
To this judgment the defendant excepted, and appealed to this Court, assigning as error:
(1) The failure of the judge to consider and give full effect to the paper-writing dated 13 May, 1919, probated and recorded as a codicil to the will of Samuel S. Whitten.
(2) The failure of the judge to consider and give full effect to the deed dated 17 November, 1897, and recorded 15 September, 1914, from Sallie S. Whitten to Samuel S. Whitten, her husband.
(3) The failure of the judge to hold that, by reason of the possession of the said land by Samuel S. Whitten under the deed from Sallie S. Whitten, dated 17 November, 1897, from the date of its registration, on 15 September, 1914 to his death, and by defendant as his executor and trustee under his will since his death, the plaintiffs are not the owners and entitled to possession of the said land.
(4) The failure of the judge to hold that plaintiffs could not recover the land because, as legatees and devisees under the will of Samuel S. Whitten, by which this lot of land was devised under the residuary clause to the defendant, the plaintiffs were estopped to claim the same against the will.
These are the only assignments of error discussed in the defendant's brief, and relied upon by him in his contention that the judgment should be reversed and a new trial ordered.
The first assignment of error is based upon the contention of defendant that the judge failed to give full force and effect to the paper-writing dated 13 May, 1919.
The will and all codicils thereto, except this paper-writing, were executed and attested in accordance with the laws of North Carolina, the same having been signed by Samuel S. Whitten and subscribed by two witnesses, as required by C. S., 4131. This paper-writing was signed by Samuel S. Whitten, who refers to it as an affidavit, not as a codicil to his will. It is not subscribed by two witnesses, nor does it appear to have been executed animo testandi. It is true that he expresses a desire "that this affidavit be made a part of my last will and testament," but it does not affect or purport to affect the disposition of his property made in his will and codicils, which are valid under the laws of North Carolina.
It may be that, having been probated in Virginia and certified and recorded in Vance County, in accordance with the provisions of C. S., 4152, as a codicil, it cannot now be attacked collaterally (Spencer v. *Page 302 Spencer, 163 N.C. 83), but by the express provisions of C. S., 4152, when any will made by a citizen of any other State has been duly proven and allowed according to the laws of such State, and a certified copy thereof has been duly recorded in any county of this State in which is situate property owned by testator, and such will contains any devise or disposition of real estate in said county, such devise or disposition shall not have any validity or operation unless the will is executed according to the laws of North Carolina. McEwan v. Brown, 176 N.C. 249.
This paper-writing, therefore, whether it is valid as a codicil, for any purpose or not, has "no validity or operation" with respect to the lot of land described in the complaint and situate in Vance County.
Even if the inference sought to be drawn by the defendant is permissible, and the statement contained therein, that "my wife, Sallie S. Whitten, never had any of her money in any property that I own or ever did own," is evidence that he paid the purchase money for the lot conveyed to his wife by M. S. Alley and others, this fact did not affect her title to the said land. Where a husband pays the purchase money for land conveyed to his wife, no resulting trust to him arises from this fact, for the law presumes, from the relationship, that it is a gift. Nelson v. Nelson,176 N.C. 191; Anderson v. Anderson, 177 N.C. 401.
Defendant's first assignment of error is therefore not sustained. The second assignment of error is that the judge failed to consider and give full force and effect to the deed of Sallie S. Whitten to Samuel S. Whitten, dated 17 November, 1897, and recorded in Vance County on 15 September, 1914.
The certificate of the notary public who took the acknowledgement of Sallie S. Whitten that she signed the said deed does not state that it appeared to his satisfaction and that he found that the execution of the same by her was "not unreasonable or injurious to her." The deed is therefore void. C. S., 2515. Davis v. Bass, ante, 200; Smith v. Beaver,183 N.C. 497; Butler v. Butler, 169 N.C. 584. The second assignment of error is therefore not sustained.
In his third assignment of error the defendant contends, however, that conceding that the deed, for the reason stated, has no effect or validity as a deed of conveyance, it is color of title, and that possession of the land described therein by the defendant and Samuel S. Whitten, his testator, claiming under this deed, for seven years, is a perpetual bar against the plaintiffs, heirs at law of Sallie S. Whitten, and ripens into a perfect title in the defendant. C. S., 428.
This Court has held, in Norwood v. Totten, 166 N.C. 649, that a deed executed by a wife conveying land to her husband, void for failure *Page 303 
of the probate officer to comply with C. S., 2515, is, nevertheless, color of title, and that adverse possession by the husband under such deed for seven years will ripen into a perfect title. See, also, Clendenin v.Clendenin, 181 N.C. 465; Elmore v. Byrd, 180 N.C. 120; Adderholt v.Lowman, 179 N.C. 547; Shermer v. Dobbins, 176 N.C. 547; King v.McRackan, 168 N.C. 621.
The third assignment of error, therefore, presents the question whether or not defendant and his testator have had such possession of the land described in the complaint, under the deed of Sallie S. Whitten, as bars the claim of her heirs at law and ripens into a perfect title to the land in the defendant.
Upon the death of Sallie S. Whitten, in 1912, intestate, her husband, Samuel S. Whitten, issue of their marriage, having been born alive, became and was entitled to an estate as tenant by the curtesy, during his life, in the said lot of land, the wife having been seized in fee of the same during the coverture. C. S., 2519.
Samuel S. Whitten was, therefore, entitled, as against the heirs at law of Sallie S. Whitten, to the possession of the said lot of land as tenant by the curtesy, during his life. The judge finds as a fact that Samuel S. Whitten was in possession of the lot of land from the death of his wife until his own death, and that defendant, as his executor, has continued in possession since his death. No facts are found by the judge, and none appear from the evidence, that the entry of Samuel S. Whitten into possession at the death of his wife was adverse to her heirs at law. The law presumes that he entered and was in possession rightfully, and therefore presumes that he entered into possession as tenant by the curtesy for his life. Vanderbilt v. Chapman, 175 N.C. 11.
The possession of Samuel S. Whitten, and of defendant claiming under him, has been continuous for more than seven years. Such possession, although under color of title, does not ripen into a perfect title in the defendant unless it was adverse. In Vanderbilt v. Chapman, supra, JusticeAllen says: "Possession which will ripen an imperfect into a perfect title must not only be actual, visible, exclusive and continued for the necessary period of time, but it must be under a claim of title. It is the occupation with an intent to claim against the true owners which renders the entry and possession adverse." He cites Parker v. Banks, 79 N.C. 485, and Snowdenv. Bell, 159 N.C. 500.
Chief Justice Ruffin, in Green v. Harman, 15 N.C. 158, often cited and approved by this Court, says: "The operation of the statute of limitations depends upon two things. The one is possession, continued for seven years, and the other is the character of that possession — that it should be adverse." *Page 304 
The fact, therefore, found by the judge, that Samuel S. Whitten was in possession from the death of his wife until his own death, and that defendant, his executor and trustee, has been in possession since his death — more than seven years — is not sufficient, for Samuel S. Whitten entered into possession rightfully and not adversely to the plaintiffs, heirs at law of his wife.
In 1914 a deed executed by his wife conveying the land to him was recorded in Vance County, which, although void as a deed of conveyance, was good as color of title. There is no fact found or evidence in the record which shows that the character of his possession was changed after the registration of this deed. At no time prior to his death could plaintiffs have maintained an action against him for the possession of the land, for he was entitled to possession as tenant by the curtesy for his life, and their right of action for possession did not accrue until the falling-in of his life estate at his death, in 1919. "The possession of real property cannot be considered as adverse to one who during its continuation did not have a right of entry, as, for instance, a remainderman or reversioner." 1 R. C. L., 758; Hauser v. Craft, 134 N.C. 319; Maynard v. Sears,157 N.C. 1. We approve as the law applicable to the facts of this case the statement in the note to be found in 9 L.R.A. (N.S.), p. 750, as follows:
"It may be said to be a well-settled rule, with but few exceptions, that a tenant for life cannot acquire an outstanding paramount title as against the remainderman and gain any rights by claiming thereafter to hold by adverse possession, unless, at least, it appears that he has clearly renounced all claim as tenant, to the knowledge of the remainderman." The mere registration of a void deed, although good as color of title, by the life tenant in possession is not evidence of such a renunciation of his right of possession as tenant for life, and of his claim under the color of title, as to put the heirs at law upon notice that thereafter he is claiming adversely to them.
The third assignment of error is not sustained.
The fourth assignment of error is that the judge failed to hold that plaintiffs, as devisees and legatees under the will, by which the testator devised the lot of land to the defendant, are estopped to set up title to the lot of land against the will.
The principle invoked to sustain this assignment of error is well established and has been uniformly recognized and enforced by this Court. It has no application, however, to the facts of this case, for the judge has found that the will made no specific devise of, or reference to, this lot of land. This finding is fully sustained by an inspection of the will. Defendant admits in his answer that he claims title to the lot of *Page 305 
land under the will of his testator. This claim is under item 11 of the will, which is as follows:
"It is my will and desire, and I so direct, that all the rest and residue of my estate and property shall be held intact until the death of my wife, Mamie Whitten, by my executors." This lot of land, not being included within the description, "all of the rest and residue of my estate and property," was not devised in the will, and the plaintiffs were not put to an election with respect to it. There is no finding and no evidence tending to show that plaintiffs have accepted benefits under the will, or claim adversely to the will; but this is immaterial, for in no event, upon the facts as they appear in the record, does the doctrine of election apply in this case.
The judgment, upon this aspect of the case, is fully sustained by the learned and exhaustive opinion of Justice Walker in Elmore v. Byrd,180 N.C. 122.
The fourth assignment of error is not sustained.
The fifth assignment of error is to the judgment, and is based upon a formal exception, which is overruled. There is no error in the record, and the judgment is
Affirmed.