HOSEA BARBEE, EXECUTOR, ET AL. v. E. M. BUMPASS, ADMINISTRATOR, ET AL.

(Filed 31 March, 1926.)

1. Deeds and Conveyances—Husband and Wife—Probate—Certificates.

A deed from a married woman to her husband of her separate lands is void, when not made in accordance with the requirement of statute that the probate officer certify in the certificate of probate, that at the time of its execution and the wife's privy examination, the conveyance was not unreasonable or injurious to her. C. S., 2515.

2. Deeds and Conveyances—"Color"—Adverse Possession — Burden of Proof.

The burden of proof is on the party to the action claiming title to lands by adverse possession under color, to prove sufficient legal possession to ripen his title.

3. Same—Husband and Wife—Tenant by the Curtesy.

Without evidence to the contrary, the possession of the husband of lands of his deceased wife as tenant by the curtesy, is not adverse, and will not ripen title in him, for the time of such possession, or for those claiming under him.

4. Deeds and Conveyances—Adverse Possession—Color—Legal Title— Presumptions.

The possession of lands is presumed to be held under the true legal title.

APPEAL by defendants from *Devin, J.,* at March Term, 1926, of DURHAM.

Civil action to quiet title and to remove a cloud therefrom, arising from claim of defendants under deeds executed by Jennie Barbee to her husband, 19 February, 1913, without complying with the requirements of C. S., 2515, thus rendering them void.

From a judgment for plaintiffs entered on an agreed statement of facts, the defendants appeal, assigning error.

*Victor S. Bryant for plaintiffs.*
*A. T. Johnson for defendants.*

STACY, C. J. In the language of a Cherokee Indian, "the plaintiffs have lawed the defendants to kill a deed," in fact two; or, in other words, the action is one, brought under C. S., 1743, to quiet title or. to remove a cloud therefrom, which, it is alleged, arises out of a claim by the defendants to the lands in question by reason of two deeds executed by Jennie Barbee to her husband, Green Barbee, 19 February, 1913, without complying, in either case, with the provisions of C. S., 2515, requiring the probate officer, as a condition precedent to the validity of the conveyance, to certify in his certificate of probate, that at the time of its execution and the wife's privy examination, such contract was not unreasonable or injurious to her. It is conceded that the failure on the part of the probate officer to observe this requirement of the statute, rendered both deeds absolutely void. *Davis v. Bass,* 188 N. C., 200; *Wallin v. Rice,* 170 N. C., 417.

But the defendants, who are the lawful heirs of Green Barbee and as such, or as devisees under his will, claim the land by, through, or under him, say that notwithstanding the invalidity of these deeds, yet, they were good as color of title, and that as Green Barbee held the lands under such deeds from 1913 until his death in 1923, being more than seven years under color, his claim thereto ripened into a perfect title, leaving him seized in fee of such lands at the time of his death, 10 October, 1923. *Norwood v. Totten,* 166 N. C., 649.

The plaintiffs, on the other hand, who are the children and only heirs at law of Jennie Barbee, and who claim the lands by, through or under her, say that while it is true these deeds existed and were on record for more than seven years prior to Green Barbee's death, yet his possession was not adverse; that Jennie Barbee and Green Barbee, her husband, continued to live together and occupied a part of said lands jointly, as their home, until 17 March, 1916, the date of the death of Jennie Barbee; and that Green Barbee, following the death of his wife, being advised by counsel learned in the law that the above deeds held by him were void, continued to occupy said lands as tenant by the curtesy and did not pretend or claim to be the absolute owner thereof.

It is clear that the plaintiffs are entitled to the relief sought. *Whitten v. Peace,* 188 N. C., 298.

The possession of Green Barbee was not adverse to his wife during her lifetime. *Clendenin v. Clendenin,* 181 N. C., 465. It was held in *Kornegay v. Price,* 178 N. C., 441, that the husband could not, while living with his wife on the land, acquire title against her by adverse possession, and the same was held as to the wife in *Hancock v. Davis,* 179 N. C., 283. "Adverse possession, which will ripen a defective title, must be of a character to subject the occupant to action."—*Hoke, J.,* in *Smith v. Proctor,* 139 N. C., 314.

Nor is there any evidence or finding that Green Barbee's possession was adverse to the plaintiffs after his wife's death. Under the advice of counsel as to his rights, he only claimed and occupied the lands as tenant by the curtesy following his wife's death. *Whitten v. Peace, supra.* In addition to this, every possession is deemed to be under and in subordination to the true legal title, unless such possession is shown to be adverse. C. S., 432; *Bland v. Beasley,* 145 N. C., 168. There is no presumption of adverse possession against the true owner (*Shermer v. Dobbins,* 176 N. C., 547); and when title is claimed against such owner by adverse possession, the burden is on the one who relies upon such claim to show that the premises have been held and possessed adversely to the legal title for the time prescribed by law before the commencement of the action. *Land Co. v. Floyd,* 171 N. C., 543; *Bland v. Beasley, supra.* This, the defendants have not done in the instant case.

The record presents no reversible error, hence the judgment of the Superior Court must be upheld.

Affirmed.