### J. G. DAUGHTRY v. LORENA G. DAUGHTRY.

(Filed 6 June, 1945.)

**Husband and Wife § 4b—**

A contract between husband and wife, which does not purport to divest the wife of dower or the husband of curtesy, but which does fix the sum of money the wife is to receive from her husband each month thereafter, as long as the agreement remains in effect, for her support and the support of their minor child, is within the class of contracts which, in order to be valid and binding on the parties, must be executed in the manner and form required by G. S., 52-12, and, not being so executed, the same is void as to the wife and also as to the husband.

APPEAL by defendant from *Blackstock, Special Judge,* at November Term, 1944, of ALAMANCE.

Civil action challenging the validity of a contract between husband and wife.

A difference having arisen between the plaintiff and defendant as to the use and occupancy of their property and with reference to the amount to be paid to Lorena Daughtry and their daughter, the parties mutually agreed to settle their differences and executed a contract on 1 October, 1942, wherein J. G. Daughtry agreed "to pay to his wife, Lorena Daughtry, for herself and daughter, Lovestine G. Daughtry, the sum of $150.00 per month, beginning as of 1 November, 1942, and continuing on the first day of each month thereafter as long as the agreement is in effect." The wife was to have the use and occupancy of the home in Clinton, N. C., where she and their daughter lived, together with its furnishings, while the husband was to have the use and occupancy of their Sampson County farm, together with the income therefrom. It was provided in the agreement that the title to the aforesaid real estate was to remain unchanged.

At the time of the execution of the contract, the plaintiff was carrying life insurance upon his own life, and upon the life of his wife and the lives of their children, in an aggregate total in excess of $48,000.00. It was agreed that the beneficiaries in said policies were to remain unchanged.

The contract was not executed in accordance with the requirements of G. S., 52-12, and his Honor held it is null and void, and entered judgment accordingly.

Defendant appeals, assigning error.

*Long & Long for plaintiff.*
*John B. Williams, Jr., and Faircloth & Faircloth for defendant.*

DENNY, J. It is alleged in the complaint and admitted in the answer that plaintiff and defendant were married in 1912, and lived together as husband and wife until May, 1942. Therefore, the contract under consideration was executed after separation and provides for the support of the defendant and their minor daughter. The contract also determines the rights of the respective parties thereto as to the use and occupancy of certain properties and the income therefrom.

The appellant insists that this agreement is not such a contract between husband and wife as to require the separate examination of the wife, and a finding by the probate officer examining the wife that it is not unreasonable or injurious to her, as required by G. S., 52-12. The agreement

does not purport to divest the wife of dower or the husband of curtesy in any real property owned by them or that might be acquired thereafter. Moreover, there is no contention that the wife had any legal right to the income from their Sampson County farm, which, under the terms of the agreement, the husband was to receive and retain for his own use. Nevertheless, it is apparent that this agreement fixed the sum of money the wife was to receive from the husband each month thereafter, for her support and the support of their minor child, so long as the agreement remained in effect. The provision for support brings this agreement within that class of contracts, which in order to be valid and binding on the parties must be executed in the manner and form required by G. S., 52-12. It was so held in *Archbell v. Archbell,* 158 N. C., 408, 74 S. E., 327, where *Hoke, J.,* in speaking for the Court, said: "While we have held that an allowance by way of alimony may be predicated in some instances on the capacity of the husband to labor (*Muse v. Muse,* 84 N. C., 35), this right of a married woman to support and maintenance is primarily a property right, or may be and very usually is made very largely dependent on amount of property owned by the husband." *Walton v. Walton,* 178 N. C., 73, 100 S. E., 176; *Smith v. Smith, ante,* 189, 34 S. E. (2d), 148. It follows, therefore, that his Honor was correct in holding this contract null and void because it was not executed in conformity with the statutory requirements for the execution of such contracts. This Court has held uniformly that a contract between husband and wife, which must be executed in the manner and form required by G. S., 52-12, is void, if the statutory requirements are not observed. *Singleton v. Cherry,* 168 N. C., 402, 84 S. E., 698; *Butler v. Butler,* 169 N. C., 584, 86 S. E., 507; *Wallin v. Rice,* 170 N. C., 417, 87 S. E., 239; *Davis v. Bass,* 188 N. C., 200, 124 S. E., 566; *Whitten v. Peace,* 188 N. C., 298, 124 S. E., 571; *Barbee v. Bumpass,* 191 N. C., 521, 132 S. E., 275; *Garner v. Horner,* 191 N. C., 539, 132 S. E., 290; *Bank v. McCullers,* 201 N. C., 440, 160 S. E., 494; *Fisher v. Fisher,* 217 N. C., 70, 6 S. E. (2d), 812; *S. c.,* 218 N. C., 42, 9 S. E. (2d), 493.

The appellant contends that G. S., 52-12, was enacted for the benefit and protection of married women, and therefore, if it be conceded that this contract is void, it is void only as to the wife and not as to the husband, and that he is estopped from repudiating the contract. We do not so hold. The statute decrees that such contracts, unless executed in the manner and form therein provided, are invalid. And we held in *Fisher v. Fisher, supra* (218 N. C., 42), that where a deed is void for failure to comply with the provisions of G. S., 52-12, the husband or his heirs will not be estopped by such deed. It was also said in *Archbell v. Archbell, supra,* the contract not having been executed as required by Revisal, 2107 (now G. S., 52-12), "The ruling of the lower court

holding the instrument is void and of no effect on the rights of the parties is affirmed."

The judgment of the court below is

Affirmed.