NELLE WALKER BOLIN, v. DR. PAUL BOLIN.

(Filed 9 October, 1957.)

**1. Husband and Wife § 12d(1)—**

A separation agreement between husband and wife which provides for the support of the wife is a contract between them required to be executed in conformity with G.S. 52-12, notwithstanding that it does not purport to divest the wife of dower or the husband of curtesy, and where the agreement is executed without the examination of the wife and the finding by the probate officer that it is not unreasonable or injurious to her, the agreement is void *ab initio.*

**2. Husband and Wife § 12d(3)—**

Payments made by the husband in accordance with a separation agreement void for failure to comply with G.S. 52-12 cannot estop him from attacking the agreement.

**3. Estoppel § 5—**

A void contract will not work an estoppel.

**4. Estoppel § 11a—**

An estoppel must be pleaded.

APPEAL by plaintiff from *Paul, J.,* December Term 1956 of DUPLIN.

This is a civil action, instituted in the Superior Court of Cumberland County on 31 December 1955, to recover the sum of $2,000 alleged to be due the plaintiff under the provisions of a separation agreement entered into by and between the plaintiff and the defendant on 2 June 1952. By order of the Clerk of the Superior Court of Cumberland County, the case was removed to Duplin County on a motion made by the defendant for change of venue.

The separation agreement is set out in the complaint. Its execution purports to have been acknowledged by the parties in Germany before an officer of the United States Army. The acknowledgment does not purport to comply with the requirements of G.S. 52-12.

It is alleged in the complaint that the plaintiff is a citizen and resident of the City of New York, N. Y., and that the defendant is a citizen and resident of Duplin County, N. C.; that plaintiff and defendant were married in 1943; that after the execution of the separation agreement in 1952, the defendant paid to this plaintiff the sum of $200.00, as provided therein, for each and every month thereafter, until and including February 1955; that in March 1955 the defendant notified the plaintiff by letter that he would make no further payments under the separation agreement and none has been made. The defendant herein filed an action against the plaintiff in July 1954 for an absolute divorce. The defendant was granted such divorce on 7 December 1955.

The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action for that, it appears from the face of the complaint that the deed of separation upon which the cause of action is based was not acknowledged as required by law; that the officer who attempted to take the acknowledgment was without jurisdiction to do so, and, if he had authority under the statute to take the acknowledgment, he did not make the necessary findings of fact as required by G.S. 52-12.

This cause came on for hearing at the December Term 1956 of the Superior Court of Duplin County upon the demurrer filed by the defendant. The parties desired to file briefs, and stipulated and agreed that the court might sign the judgment in the cause out of term and out of the county and district. Judgment sustaining the demurrer was entered on 11 June 1957. The plaintiff appeals, assigning error.

*Seavy A. Carroll and Lemuel M. Williford for plaintiff.*
*Grady Mercer for defendant.*

DENNY, J. The sole question posed on this appeal is whether or not the court below was correct in sustaining the demurrer interposed by the defendant.

The plaintiff contends that since. the defendant, under the terms of the separation agreement, agreed to pay her the sum of $200.00 per month, in full satisfaction of his obligation for her support and maintenance, during the remainder of her natural life, without requiring her to release her dower or any other interest in his real or personal property, the agreement is enforceable, irrespective of the manner of its execution.

We have universally required separation agreements to be executed in conformity with statutory requirements governing contracts between husband and wife. (Rev. 2107; C.S. 2515; N. C. Code of 1939, section 2515, now G.S. 52-12.) This requirement is logical and sound in view of the fact that the right of a married woman to support and maintenance is held in this jurisdiction to be a property right. *Archbell v. Archbell,* 158 N.C. 408, 74 S.E. 327, Ann. Cas. 1913D, 261; *Walton v. Walton,* 178 N.C. 73, 100 S.E. 176; *Smith v. Smith,* 225 N.C. 189, 34 S.E. 2d 148, 160 A.L.R. 460; *Daughtry v. Daughtry,* 225 N.C. 358, 34 S.E. 2d 435.

In the last cited case the appellant likewise insisted that the agreement was not such a contract between the husband and the wife as to require the separate examination of the wife, and a finding by the probate officer examining the wife that it was not unreasonable or injurious to her, as required by G.S. 52-12, since the agreement did not purport to divest the wife of dower or the husband of curtesy in any real property owned by them or that might be acquired thereafter. It was pointed out by this Court that the provision for support brought the agreement within that class of contracts which in order to be valid and binding on the parties must be executed in the manner and form required by G.S. 52-12.

In view of our decisions in this respect, it is not necessary to consider whether or not the officer of the United States Army was vested with authority to take such acknowledgments.

Furthermore, this Court has uniformly held that a contract between husband and wife, which must be executed in the manner and form required by G.S. 52-12, is void *ab initio* if the statutory requirements are not observed. *Davis v. Vaughn,* 243 N.C. 486, 91 S.E. 2d 165; *Pearce v. Pearce,* 225 N.C. 571, 35 S.E. 2d 636; *s.c.,* 226 N.C. 307, 37 S.E. 2d 904; *Daughtry v. Daughtry, supra; Fisher v. Fisher,* 217 N.C. 70, 6 S.E. 2d 812; *s.c.,* 218 N.C. 42, 9 S.E. 2d 493; *Bank v. McCullers,* 201 N.C. 440, 160 S.E. 494; *Garner v. Horner,* 191 N.C. 539, 132 S.E. 290; *Barbee v. Bumpass,* 191 N.C. 521, 132 S.E. 275; *Whitten v. Peace,* 188 N.C. 298, 124 S.E. 571; *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566; *Wallin v. Rice,* 170 N.C. 417, 87 S.E. 239; *Butler v. Butler,* 169 N.C. 584, 86 S.E. 507; *Singleton v. Cherry,* 168 N.C. 402, 84 S.E. 698.

It is further contended by the appellant that since the defendant complied with the agreement from June 1952 until February 1955, he should be estopped from attacking it, citing *Howland v. Stitzer,* 236 N.C. 230, 72 S.E. 2d 583. The contract involved in the *Stitzer case* was not void; therefore, the ruling there is not controlling on the facts in this case. A void contract will not work as an estoppel. *Daughtry v. Daughtry, supra; Fisher v. Fisher, supra* (218 N.C. 42) ; *Wallin v. Rice, supra.* Furthermore, if the doctrine of estoppel were available to the plaintiff, she has not pleaded it. *Upton v. Ferebee,* 178 N.C. 194, 100 S.E. 310; 19 Am. Jur., Estoppel, section 179, page 832, *et seq.;* Annotation, 120 A.L.R. 28.

The ruling of the court below is

Affirmed.