MARY F. DAVIS v. HERBERT LEE DAVIS, JR.

(Filed 20 January, 1967.)

**1. Divorce and Alimony §§ 1, 18—**

Issuable facts raised by the pleadings in an action for alimony without divorce must be determined by the jury before a judgment granting permanent alimony may be entered, G.S. 50-16; allowances for alimony *pendente lite* do not affect the final rights of the parties and may be entered by the judge without the intervention of a jury.

**2. Husband and Wife § 10—**

A separation agreement entered into in this State which fails to comply with the requirements of G.S. 52-12 (now G.S. 52-6) is void *ab initio*.

**3. Courts § 20—**

The validity and construction of a contract are to be determined by the law of the state where executed; where the contract provides for performance in another state, the law of the place of performance governs generally or as to matters relating to performance, but when the duty of performance exists regardless of the residence of the parties, the *lex loci* controls.

**4. Same—**

Under comity, an instrument executed in accordance with the *lex loci* and there valid, will generally be regarded as valid under the *lex fori* unless contrary to the settled public policy of the forum.

**5. Same—**

The rule that an instrument executed in another state will not be given effect in the state of the forum if such instrument is contrary to the settled public policy of the forum, relates to substance and not form, and if the subject matter of the contract, executed in another state in conformity with its laws, is not contrary to public policy in this State, it will not be declared invalid here merely because of the failure to comply with our statutory requirements governing the execution of such contracts.

**6. Same; Husband and Wife § 10— Separation agreement executed in another state will be upheld here provided it is not injurious to the wife under the then existing conditions of the parties.**

Separation agreements between husbands and wives are not contrary to the public policy of this State provided they are not unreasonable or injurious to the wife, and therefore a separation agreement executed in accordance with the laws of the state of the residence of the parties will not be held invalid here because of the failure to observe our statutory requirements in the execution of such an agreement, G.S. 52-12 (now G.S. 52-6), but may be attacked here if the wife alleges and establishes that the agreement, having due regard to the condition and circumstances of the parties at the time it was made, was unreasonable or injurious to the wife, the matter to be determined by the court as a question of fact, with the burden of proof upon the party attacking the validity of the agreement.

**7. Husband and Wife § 11—**

Separation agreements are not final and binding as to the custody of

minor children of the marriage or as to the amount provided for their support and education.

**8. Appeal and Error § 55—**

Where an order is issued under a misapprehension of the applicable law, the cause must be remanded.

APPEAL by plaintiff from *Cowper, J.,* May 23, 1966 Special Civil Session of NEW HANOVER.

Plaintiff (wife) instituted this action June 11, 1965, under G.S. 50-16, (1) for alimony without divorce and (2) for alimony and counsel fees *pendente lite.*

Admissions in the pleadings establish these facts: Plaintiff is a resident of New Hanover County, North Carolina. Defendant is a resident of Duval County, Florida. Plaintiff and defendant were married on or about June 15, 1940, in Wilmington, North Carolina. At Jacksonville, Duval County, Florida, on September 7, 1962, plaintiff and defendant executed a "SEPARATION AGREEMENT" in which they agreed, *inter alia,* to live separate and apart from each other during their natural lives.

The "SEPARATION AGREEMENT," in addition to provisions relating to (1) furniture and household equipment, (2) real estate in North Carolina, and (3) real estate in Florida, obligated defendant to make specified monthly payments to plaintiff until his death or until her death or remarriage, and also to make additional specified monthly payments to plaintiff for the support of their two minor children.

The Notary Public of Duval County, Florida, before whom plaintiff acknowledged her execution of the separation agreement, did not examine her, separate and apart from her husband, and made no finding that the separation agreement was not unreasonable or injurious to her.

Plaintiff alleged: In 1962, "Defendant separated himself from the Plaintiff and lived separate and apart from her." Defendant "forced the Plaintiff to enter into" said separation agreement. The separation agreement is void because it was not executed "in accordance with the requirements of the statute law of North Carolina, to wit, G.S. 52-12, and is contrary to the public policy of the State of North Carolina." Although defendant has made all payments required of him by the terms of the separation agreement, these payments have not been sufficient to support plaintiff and her minor children or child according to defendant's means and condition in life. The children are now twenty-three and ten, respectively; and, as provided in the separation agreement, the entire amount of the monthly payment of $120.00, originally for the support of both children, is now for the support of the younger child. Defendant, as

an employee of Atlantic Coast Line Railroad Company in Jacksonville, has annual gross earnings of $12,000.00.

Answering, defendant denied he forced plaintiff to enter into the separation agreement. He alleged the separation agreement was valid and that he had made all payments required by its terms.

As a cross action, defendant, based on his separation from plaintiff since September 7, 1962, prayed that he be granted an absolute divorce.

Plaintiff, in a reply, alleged, in substance, she was forced, by defendant's coercive conduct, to sign the separation agreement; and that, the separation having been caused by his wrongful conduct, defendant is not entitled to an absolute divorce.

The order entered at said May 23, 1966 Session contains findings of fact in detail as to the relations between plaintiff and defendant from 1960 in Wilmington until their separation on September 7, 1962, in Jacksonville. Upon these findings of fact, the court made these conclusions of law: "1. That the plaintiff has failed to show that the defendant has not provided her and the children of the marriage with necessary subsistence according to his means and condition in life; 2. That the plaintiff has failed to show that the defendant is guilty of any misconduct or actions that would be or constitute cause for divorce; 3. That the plaintiff and defendant entered into a voluntary agreement of separation, valid under the laws of the State of Florida, and that such separation agreement, so long as it is observed by the defendant herein, is a bar to the allowance of any additional alimony without divorce."

The order concludes. "It Is Therefore, Ordered, Adjudged, and Decreed that the plaintiff's Complaint be dismissed, and that the defendant's counterclaim for divorce be retained upon the docket of this Court for trial."

Before signing said order, the court had stated: "I am going to hold that she is bound by this separation agreement entered into voluntarily, with counsel of her own choosing." Plaintiff excepted, this (plaintiff's Exception #1) being plaintiff's only numbered exception.

Plaintiff also excepted to the order and appealed therefrom. She assigns as error "(t)he signing and entry of the Judgment by the lower Court sustaining the validity of the separation agreement referred to and holding that it was binding upon the *feme* Plaintiff in North Carolina while she is a resident of North Carolina."

*Rountree & Clark for plaintiff appellant.*
*Poisson & Barnhill for defendant appellee.*

DAVIS *v.* DAVIS.

BOBBITT, J. During oral argument, it became apparent there was a misunderstanding as to whether the cause was calendared for final hearing or for hearing on a motion for alimony and counsel fees *pendente lite.*

The evidence before Judge Cowper, offered by plaintiff, consists of an affidavit by plaintiff and of plaintiff's testimony, on direct and cross-examination. The only evidence offered by defendant (Exhibit D-1) consists of the summons, the sheriff's return of service and the complaint (identified by plaintiff) in plaintiff's action for absolute divorce commenced July 26, 1962, in the Circuit Court of Duval County, Florida, In Chancery, which action, according to plaintiff's testimony, was abandoned when plaintiff's counsel negotiated with defendant the terms of the separation agreement.

Plaintiff states in her brief, as the question presented by her appeal, the following: "Is a separation agreement between husband and wife executed in Florida just prior to the wife's return to North Carolina to live, as known to the parties, but entered into while the parties were living in Florida and valid under Florida law, enforceable in this state in the wife's action for alimony without divorce, when such contract did not comply with G.S. 52-12 providing for the privy examination of the wife and a certificate of the examining officer that the contract is not unreasonable or injurious to her?"

The issuable facts raised by the pleadings in an action for alimony without divorce under G.S. 50-16 must be submitted to and passed upon by a jury before a judgment granting permanent alimony may be entered. *Crews v. Crews,* 175 N.C. 168, 95 S.E. 149. However, in respect of allowances for alimony and counsel fees *pendente lite,* "the allowances *pendente lite* form no part of the ultimate relief sought, do not affect the final rights of the parties, and the power of the judge to make them is constitutionally exercised without the intervention of the jury." *Peele v. Peele,* 216 N.C. 298, 4 S.E. 2d 616.

Upon the record before us, it must be considered the cause was before Judge Cowper for hearing solely with reference to allowances for alimony and counsel fees *pendente lite,* not for final determination and judgment.

Under the North Carolina statute then codified as G.S. 52-12 and the decisions of this Court, a separation agreement entered into in September 1962 was void *ab initio* unless it complied with these statutory requirements: That "such contract (be) in writing, and . . . duly proven as is required for the conveyances of land; and (that) such examining or certifying officer shall incorporate in his certificate a statement of his conclusions and findings of fact as to

whether or not said contract is unreasonable or injurious" to the wife. *Daughtry v. Daughtry,* 225 N.C. 358, 34 S.E. 2d 435, and cases cited; *Bolin v. Bolin,* 246 N.C. 666, 99 S.E. 2d 920, and cases cited. Under said statute, "(t)he certificate of the officer shall be conclusive of the facts therein stated," but "may be impeached for fraud as other judgments may be." By virtue of Chapter 878, Session Laws of 1965, statutory provisions of like import are now codified as G.S. 52-6.

Plaintiff contends the separation agreement is void and of no avail to defendant as a defense in this action. Unquestionably, if it had been executed in North Carolina when the husband and wife were residents of and domiciled in this State, it would be void *ab initio* because not in compliance with said North Carolina statute. However, it appears clearly from the pleadings, the affidavit of plaintiff and the testimony of plaintiff that the separation agreement was signed in Florida when plaintiff and defendant were residents of and domiciled in Florida.

The general rule, well established in this jurisdiction, is that the validity and construction of a contract are to be determined by the law of the place where it is made. *Cannaday v. R. R.,* 143 N.C. 439, 55 S.E. 836; *Roomy v. Ins. Co.,* 256 N.C. 318, 123 S.E. 2d 817; *Cocke v. Duke University,* 260 N.C. 1, 8, 131 S.E. 2d 909, 913; 16 Am. Jur. 2d, Conflict of Laws § 39; 15A C.J.S., Conflict of Laws § 11(2); Restatement, Conflict of Laws § 332 *et seq.*

We are advertent to the decisions holding that, with reference to contracts providing for performance in another state, the law of the place of performance governs generally or as to matters relating to performance. 15A C.J.S., Conflict of Laws § 11(3); 16 Am. Jur. 2d, Conflict of Laws § 40; Restatement, Conflict of Laws § 355 *et seq.* Suffice to say, our research has disclosed no decision in which the "place of performance" rule has been applied to a separation agreement. The separation agreement under consideration implies the wife intended to leave Florida with the children and take up residence in North Carolina. However, she was not required to do so; and defendant's obligation to make the stipulated payments for her support was general and unconditional, whether she resided in Florida, North Carolina or elsewhere.

The conclusion reached is that the validity and construction of the separation agreement are to be determined by the law of Florida.

Although plaintiff concedes the validity of the separation agreement under Florida law, she contends such agreement cannot be enforced or relied upon in North Carolina because it conflicts with

the public policy of this State as declared in the North Carolina statute then codified as G.S. 52-12.

The extent to which the law of one state will be recognized and enforced in another depends upon the rule of comity. *Howard v. Howard*, 200 N.C. 574, 158 S.E. 101; 16 Am. Jur. 2d, Conflict of Laws § 4; 15A C.J.S., Conflict of Laws § 3(3). In 16 Am. Jur. 2d, Conflict of Laws § 4, this statement appears: "The general rule is that things done in one sovereignty in pursuance of the laws of that sovereignty are regarded as valid and binding everywhere; and, vice versa, things invalid where done are invalid everywhere."

" It is thoroughly established as a broad general rule that foreign law or rights based thereon will not be given effect or enforced if opposed to the settled public policy of the forum." 15 C.J.S., Conflict of Laws § 4(4)a. Accord: 16 Am. Jur. 2d, Conflict of Laws § 51; *Howard v. Howard, supra; Ellison v. Hunsinger*, 237 N.C. 619, 625, 75 S.E. 2d 884, 889, and cases cited; *Gooch v. Faucett*, 122 N.C. 270, 29 S.E. 362; *Cannaday v. R. R., supra; Burrus v. Witcover*, 158 N.C. 384, 74 S.E. 11.

In *Howard v. Howard, supra*, Adams, J., for this Court, states: "(T)he fact that the law of two states may differ does not necessarily imply that the law of one state violates the public policy of the other." The opinion notes: "Application of the principle that foreign laws will not be given effect when contrary to the settled public policy of the forum is often made in a certain class of cases — such, for example, as prohibited marriages, wagers, lotteries, racing, contracts for gaming or the sale of liquor, and others." Accord: 15A C.J.S., Conflict of Laws § 4(4)a; 16 Am. Jur. 2d, Conflict of Laws § 52.

There remains for consideration whether recognition or enforcement of the separation agreement would contravene the settled public policy of North Carolina.

In *Collins v. Collins*, 62 N.C. 153, decided in 1867, it was held that "articles of separation between husband and wife, voluntarily entered into by them, either in contemplation of or after separation, are against law and public policy, and will not be enforced in this court." Changes in our public policy resulting in large measure from subsequently enacted statutes effecting radical changes in respect of the status and rights of married women, have been reviewed in prior decisions. *Archbell v. Archbell*, 158 N.C. 408, 74 S.E. 327; *Smith v. Smith*, 225 N.C. 189, 34 S.E. 2d 148. In *Kiger v. Kiger*, 258 N.C. 126, 128 S.E. 2d 235, Denny, C.J., stated that this Court, since *Archbell v. Archbell, supra*, "has upheld separation agreements whenever a fair, just and reasonable provision has been made for the wife, hav-

ing due regard to the condition and circumstances of the parties at the time the agreement was made, and when the agreement has been executed in the manner required by law." Higgins, J., in *Tripp v. Tripp*, 266 N.C. 378, 146 S.E. 2d 507, in accord with cases cited, said: "When the contract is made in good faith, is executed according to the requirements, and performed on one side, the Court does not look with favor on efforts to set it aside except upon valid legal grounds." In this connection, see 2 Lee, North Carolina Family Law § 188.

To be valid under North Carolina law, the separation agreement "must be reasonable, just, and fair to the wife — having due regard to the condition and circumstances of the parties at the time it was made." *Smith v. Smith, supra; Bowles v. Bowles,* 237 N.C. 462, 75 S.E. 2d 413. A separation agreement is invalid if "unreasonable or injurious" to the wife. When a separation agreement is executed in North Carolina by persons residing and domiciled here, our statute provides for the determination of this essential prerequisite to validity by the officer who takes the acknowledgment, based upon an examination of the wife separate and apart from her husband, and requires that the officer set forth his findings and conclusions in his certificate.

A separation agreement executed in Florida by persons residing and domiciled in Florida and valid under Florida law will not be rejected as void in North Carolina solely because of failure to comply with the quoted provisions of the North Carolina statute now codified as G.S. 52-6. Such a separation agreement, if and when attacked in a North Carolina court, will be recognized as valid and enforceable here unless it is alleged and established in our Court that such agreement, having due regard to the condition and circumstances of the parties at the time it was made, was unreasonable or injurious to the wife. A determination of the *question of fact* so presented must be made by the presiding judge, with the burden of proof on the party attacking the validity of such agreement. If it be found as a fact upon competent evidence that the agreement when executed was unreasonable or injurious to the wife, then it will not be recognized as valid and enforced in this State. If it be found as a fact it was not unreasonable or injurious to the wife, it will be recognized as valid and enforced as if in full compliance with the North Carolina statute. The settled public policy of North Carolina is concerned with substance rather than form.

Our research discloses a Florida statute, 5 Florida Statutes Annotated § 65.15, providing, *inter alia,* for modification of a separation agreement in respect of *the amount* of the payments the hus-

band is required to make for the support of the wife by court action in Florida. Since this statute is not discussed or referred to in either brief, we express no opinion as to its significance, if any, in relation to the present case. However, it seems a subject worthy of exploration by counsel prior to the next hearing in superior court.

It is noted that in North Carolina separation agreements "are not final and binding as to the custody of minor children or as to the amount to be provided for the support and education of such minor children." *Hinkle v. Hinkle,* 266 N.C. 189, 195, 146 S.E. 2d 73, 77. See 2 Lee, North Carolina Family Law, § 189; § 152, pp. 223-225.

It should be noted that we express no opinion as to the sufficiency of the allegations of the complaint in respect of the alleged coercive conduct of defendant prior to execution of the separation agreement.

In our view, the order from which plaintiff appeals was entered under misapprehension of the applicable law. Accordingly, the order, in respect of the portion thereof which dismissed the action, including the findings of fact and conclusions of law on which it is based, is vacated; and the cause is remanded for further proceedings not inconsistent with this opinion. 1 Strong, N. C. Index, Appeal and Error § 55. The portion of the order providing "that the defendant's counterclaim for divorce be retained upon the docket of this Court for trial" is not involved in or affected by this appeal.

Error and remanded.