JANE B. LAWSON v. JOEL E. LAWSON

No. 8628DC714

(Filed 20 January 1987)

1. **Rules of Civil Procedure § 10; Husband and Wife § 10— unacknowledged separation agreement—exhibit to complaint—dismissal proper**

    In an action for breach of a separation agreement, plaintiff's complaint failed to state a claim upon which relief could be granted and defendant's pre-answer motion on that basis should have been granted where the separation agreement was for all purposes a part of the complaint, was not a matter outside the pleadings, and did not meet the requirements of N.C.G.S. 52-10.1 in that a notarized acknowledgment was not affixed to the agreement. N.C.G.S. 1A-1, Rule 10(c).

2. **Husband and Wife § 10— unacknowledged separation agreement—summary judgment proper**

    Summary judgment was correctly granted for defendant in an action to enforce a separation agreement where the original document was not notarized; the attorney who had drafted the agreement had done so on behalf of both parties at their insistence and acted as a scrivener rather than as an attorney; the document was not notarized; and the attorney, who was also a notary, affixed his seal to the document without request from either party after the parties were divorced and after plaintiff instituted this action. The agreement was void *ab initio* and it was impossible for the unauthorized affixation of the acknowledgment to make the agreement valid and enforceable after the parties divorced.

APPEAL by plaintiff from *Harrell, Judge.* Judgment entered 26 February 1986 in District Court, BUNCOMBE County. Heard in the Court of Appeals 29 October 1986.

On 9 October 1985, plaintiff, Jane B. Lawson, instituted this civil action with the filing of a complaint against her former husband, Joel E. Lawson. Plaintiff's complaint alleged in pertinent part that defendant had breached a valid separation agreement

the parties entered into on 8 November 1983. Plaintiff claimed $1,500.00 was due and owing to her as a result of defendant's failure to abide by the terms of the parties' alleged separation agreement. Attached to plaintiff's complaint was a document entitled "Separation Agreement." Paragraph seventeen (17) of the document stated the following:

> XVII COUNSEL'S ADVICE. Both parties hereto have been advised by Gwynn G. Radeker, Attorney at Law, who drafted this Agreement for the parties, that each should seek separate counsel for the purposes of settling the issues between them. The parties hereto have declined to seek such separate counsel and have, rather asked that Gwynn G. Radeker draft this Agreement for them. The Agreement is intended to represent as near as possible, the wishes of both parties and both parties represent that Gwynn G. Radeker is not acting as attorney for either party in this transaction.

The agreement was executed by both parties. However, this document was not notarized.

On 18 December 1985, defendant, pursuant to Rule 12(b), N.C. Rules Civ. P., filed two pre-answer motions: (1) a motion to dismiss on the grounds that plaintiff's complaint failed to state a claim upon which relief may be granted, and (2) a motion for a judgment on the pleadings for the reason "that the pleadings on their face show that the defendant is entitled to a Judgment as a matter of law."

On 9 January 1986, plaintiff filed a motion for summary judgment and served defendant with a notice that said motion would be heard by the court on 20 January 1986. On or about 19 January 1986, counsel for defendant informed the attorney, Gwynn G. Radeker, that the document in question was not notarized. Mr. Radeker, out of the presence of counsel for defendant, without being requested by anyone, proceeded to affix a notarial seal and added the following paragraph to the separation agreement:

> I, Gwynn G. Radeker, a Notary Public of Buncombe County, North Carolina, do certify that Joel E. Lawson and Jane B. Lawson *personally appeared before me this the 14th day of*

*November, 1983 and acknowledged the execution of the foregoing instrument.*

S/GWYNN G. RADEKER (SEAL)

my commission expires: 2-3-86

(Emphasis supplied.) During discovery by the parties Mr. Radeker was deposed and his deposition was filed with the court. Mr. Radeker's deposition stated, *inter alia*, that he had acted as a scrivener, that he did not act as legal counsel for either party, and that he did not affix his seal and add a paragraph to make the separation agreement a legally enforceable document.

On 4 February 1986, defendant filed and served notices on plaintiff informing her that on 21 February 1986, he would bring on for hearing, (1) his Rule 12(b), N.C. Rules Civ. P. motion to dismiss, filed on 18 December 1985, and (2) his motion for summary judgment filed on 4 February 1986. Defendant also filed an affidavit wherein he stated, *inter alia*, that "[t]he document entitled Separation Agreement attached to plaintiff's complaint was not acknowledged by him to any Notary Public or other Certifying Officer qualified to execute such acknowledgment"; that he had never received "a copy of such document containing any purported acknowledgment"; that "[h]e has not authorized any Notary Public or other Officer to affix an acknowledgment to such document"; and that he was informed and believed that in order for the document to be enforceable it must have been acknowledged contemporaneous with the parties' execution of said document.

On 7 February 1986, plaintiff filed an affidavit stating that on 8 November 1983, the parties had executed a deed of separation "before Gwynn Radeker, who disclosed that he was a Notary Public." Attached to plaintiff's affidavit was a copy of the document attached to plaintiff's complaint. However, added to the document was a notary public certification, affixed on 19 January 1986, by Mr. Radeker, acknowledging that the parties personally appeared before him "this the 14th day of November 1983." Also placed on the document was Mr. Radeker's seal, his signature, and a commission expiration date of 3 February 1986. There was no date to indicate when Mr. Radeker actually affixed his seal and signed the document.

On 26 February 1986, the court granted defendant's motion for summary judgment. Plaintiff appeals.

*Long, Parker, Payne & Warren, P.A., by Ronald K. Payne, for plaintiff appellant.*

*Gum, Hillier & McDaniels, P.A., by Howard L. Gum, for defendant appellee.*

JOHNSON, Judge.

The specific issue here is whether a separation agreement, not acknowledged by a Notary Public, filed with plaintiff's complaint and the subsequent filing of a copy of said separation agreement with an unrequested notarial acknowledgment affixed subsequent to the granting of an absolute divorce, and filed in response to defendant's motion for summary judgment raised a material issue of fact. If so the trial court committed reversible error in granting defendant a summary judgment. We conclude that as a matter of law defendant was entitled to a judgment dismissing plaintiff's complaint.

[1] Defendant in the case *sub judice* did not answer plaintiff's complaint which alleged defendant breached the unnotarized separation agreement attached thereto. Defendant utilized a Rule 12(b)(6), N.C. Rules Civ. P., pre-answer motion to challenge the sufficiency of plaintiff's complaint. "A Rule 12(b)(6) motion to dismiss for failure to state a claim is indeed converted to a Rule 56 motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court." *Stanback v. Stanback,* 297 N.C. 181, 205, 254 S.E. 2d 611, 627 (1979). However, as noted by the court in *Stanback, supra,* Rule 10(c), N.C. Rules Civ. P., states in pertinent part, *"[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."* Rule 10(c), N.C. Rules Civ. P. (emphasis added). The separation agreement, which was not notarized, therefore, for all purposes was a part of plaintiff's complaint and was not a matter outside of the pleadings. The significance of this procedural aspect is that if a notarized acknowledgment was not affixed to the agreement as required by G.S. 52-10.1, then plaintiff's complaint did fail to state a claim for which relief may be granted and at this stage defendant's pre-answer motion on that basis should

have been granted because the separation agreement alleged in plaintiff's complaint did not meet the requirements of G.S. 52-10.1.

In order for a separation agreement to be valid and legally enforceable the General Assembly, through enactment of G.S. 52-10.1 (1984), has required "that the separation agreement *must* be in writing and acknowledged by both parties before a certifying officer." G.S. 52-10.1 (1984) (emphasis supplied). A person acting in the capacity of a notary public may serve as a certifying officer. G.S. 52-10.

In the controlling case of *Bolin v. Bolin,* 246 N.C. 666, 99 S.E. 2d 920 (1957), the North Carolina Supreme Court stated: "We have *universally required* separation agreements to be executed in conformity with statutory requirements governing contracts between husband and wife." *Id.* at 668, 99 S.E. 2d at 922 (emphasis supplied). A strong argument can be made that a strict adherence to the requirements the General Assembly has deemed proper to impose elevates form over substance. However, the Court in *Bolin, supra,* further stated that it "has uniformly held that a contract between husband and wife, which *must be executed in the manner and form required by G.S. 52-12, is void ab initio* if the statutory requirements are not observed." *Id.* With such express language by the Supreme Court of this State and the plain language of G.S. 52-10.1, we are constrained to require a strict adherence to the statutory formalities required by G.S. 52-10.1.

[2]   Here, plaintiff and defendant moved the court for a summary judgment and submitted affidavits in support thereof. In addition to her affidavit, plaintiff submitted a copy of the alleged separation agreement with a notarial acknowledgment affixed subsequent to the filing of her complaint and subsequent to the divorce judgment dissolving the parties' marriage.

Rule 56(c), N.C. Rules Civ. P., authorizes a trial court to grant a summary judgment as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

Rule 56, N.C. Rules Civ. P. The judge's role is to determine from the forecast of the evidence if there is a material issue of fact that is triable. *Wachovia Mortgage Co. v. Autry-Barker-Spurrier Real Estate, Inc.*, 39 N.C. App. 1, 249 S.E. 2d 727 (1978), *aff'd*, 297 N.C. 696, 256 S.E. 2d 688 (1979).

The effect of an absolute divorce is that "[a]fter a judgment of divorce from the bonds of matrimony, *all rights arising out of the marriage shall cease and determine. . . .*" G.S. 50-11(a). The forecast of the evidence in the case *sub judice* reveals that prior to the parties' divorce, defendant approached Attorney Gwynn Gardiner Radeker and requested that he draft a separation agreement for the parties. Mr. Radeker had previously represented J. D. Lawson and Son, Inc., a corporation in which the parties were principals. Mr. Radeker, after advising the parties that they should seek separate legal counsel, reluctantly agreed to "physically draft the documents for them." Mr. Radeker's affidavit reveals that he is a notary public, and that he disclosed this fact to the parties, but was not requested by either party to notarize the alleged separation agreement. Moreover, Mr. Radeker's affidavit reveals that it was in January 1986, after the parties were divorced and after plaintiff instituted this action when plaintiff's attorney visited his office and requested to see the file on this matter to determine if the original document in question was notarized. Plaintiff's attorney discovered that the original was not notarized. At this time Mr. Radeker without request by either party affixed his seal to the document.

Mr. Radeker stated his reasoning for affixing the notarial seal as follows:

> It was being affixed because I at that stage in my mind said — well, recognizing it did not have it on it, knowing that I was a Notary Public, knowing at the time what I had told the parties, that the best thing at this stage to do would be to affix my seal and reflect the fact that they did sign it in my presence on the 14th day of November.

> *I knew at the time I affixed the Seal that Joel Lawson was contesting the enforceability of it* and that Jane Lawson was propounding it as an enforceable document. I also understood that it was in Jane's interest that it be enforceable and in Joel's interest at that point that it not be enforceable.

Q. So you chose to take some efforts to make it enforceable in January of 1986?

A. No. I recognize that I very possibly could have been called to testify as to what happened that day, to what went on, and actually to testify to the document without any blanks on it, but to say "Are you a Notary Public, did you tell them all those things?"

*I did not affix it to make it a valid document.* I affixed the physical evidence with what I did on it because I felt it was a more straight forward and honest way to do it, because the fact of affixing, I know, would be quite — and I have not tried to hide the fact that I did it very recently and I felt that I would put it on there and have to go before the Court that way because, frankly, I don't know the total legal effect of the affixing that thing that far later. I felt this was the most honest approach to it. *It was not an attempt to make it a legally enforceable document.*

(Emphasis supplied.) There is not a scintilla of evidence that can be found in the record on appeal to support a conclusion that the lack of a notarial seal and acknowledgment was inadvertent or that the parties intended for or requested the same. There is nothing in Mr. Radeker's affidavit to indicate that the parties knew that Mr. Radeker was a notary public before they allegedly signed the document. Mr. Radeker states in his deposition "[b]y way of explanation, I do need to tell you that I told them at the time they signed it that I was a Notary Public." The only discussion of notarization that took place was when Mr. Radeker brought to the parties' attention the need of the same for recordation purposes if the parties wanted to convey real property without the joinder of each other. Mr. Radeker stated in his deposition *"[m]y understanding then* [when plaintiff's attorney approached Mr. Radeker] and my understanding before that was that an unacknowledged Separation Agreement is not an enforceable document. This is also my recollection of the law in November of 1983. When I undertook to prepare this document, I had advised both parties, Jane and Joel, that I was not representing either as their counsel, but that *I was operating as a scrivener."* (Emphasis supplied.)

Defendant's affidavit, *inter alia*, states the following:

2. The document entitled Separation Agreement attached to plaintiff's Complaint *was not acknowledged by him to any Notary Public* or other Certifying Officer qualified to execute such acknowledgment.

3. He was never provided with a copy of such document containing any purported acknowledgment by any officer certified to do so.

4. He was never asked by any Notary or other Certifying Officer if the execution of such document was his free and voluntary act.

5. He has not authorized any Notary Public or other Officer to affix an acknowledgment to such document.

6. Since the execution of the document referred to herein he has not appeared before any Notary Public or other Certifying Officer and acknowledged his signature nor the voluntary execution of such document.

7. He is now advised, informed and believes and therefore alleges that such document, to be enforceable, must have been acknowledged contemporaneous with the execution of the document.

(Emphasis supplied.)

The uncontradicted facts are that prior to the parties' divorce they never had a valid separation agreement. Mr. Radeker attempted to notarize a separation agreement after the parties were divorced; neither party employed Mr. Radeker in his capacity as an attorney or notary public; neither party has ever requested Mr. Radeker to affix a notarial acknowledgment to the alleged separation agreement; the separation agreement alleged in plaintiff's complaint was not acknowledged by a certifying officer; and plaintiff has never moved to amend her complaint. Faced with such facts, we conclude that although the result may appear harsh, after the parties were divorced it was impossible for Mr. Radeker's unauthorized affixation of his acknowledgment to make the alleged separation agreement valid and legally enforceable. The alleged agreement was void *ab initio. Bolin, supra.* E.g. *DeJaager v. DeJaager*, 47 N.C. App. 452, 267 S.E. 2d 399 (1980).

Affirmed.

Judges ARNOLD and EAGLES concur.