MARION L. WINNER v. D. CARL WINNER,

and

MARION L. WINNER v. D. CARL WINNER AND WIFE, MARGUERITE WELLS WINNER.

(Filed 16 December, 1942.)

**1. Trusts §§ 1b, 15: Gifts § 1—**

Imposition, fraud, duress, undue influence, or the like must be shown, by clear, strong and convincing evidence, to engraft a trust upon a gift of money by a parent to one of his children. A showing of favoritism, unequal division and detriment to other children is not sufficient.

**2. Trusts §§ 1b, 15: Gifts § 3—**

Where a father conveyed a fee simple title in lands to one of his sons and such son's wife, and thereafter the father had prepared a deed, reconveying the same lands to himself, and requested such son and wife to

execute the same, which they refused to do. *Held:* The evidence is insufficient to establish a constructive trust on the lands in favor of the father, or his heirs.

APPEAL by plaintiffs from *Thompson, J.,* at March Term, 1942, of NEW HANOVER.

There were two actions originally instituted by Marion L. Winner, who died during the pendency thereof, and his next of kin, heirs at law, widow and administrator were made parties plaintiff. The actions were consolidated for the purpose of trial.

The first action is to recover personal property, certain liberty bonds and cash, alleged to have been given by Marion L. Winner, the original plaintiff, to his son, the defendant D. Carl Winner, to be held in trust by the donee for the donor; which said personal property the said defendant refused to surrender.

The second action is to recover certain land situated in the town of Carolina Beach, for which Marion L. Winner, the original plaintiff, executed and delivered a deed conveying a fee simple title, subject to the reservation of life estates in the grantor and his wife, to his son D. Carl Winner and his wife, Marguerite Wells Winner, the defendants; title to which said land the plaintiffs contend is subject to a constructive trust in favor of the grantor.

When the plaintiffs had introduced their evidence and rested their case, the defendants moved in each action for a judgment as in case of nonsuit (C. S., 567), which motions were allowed, and from judgments predicated upon this ruling the plaintiffs appealed, assigning such ruling and judgments as error.

*Kellum & Humphrey and Aaron Goldberg for plaintiffs, appellants.*
*W. L. Farmer and Rodgers & Rodgers for defendants, appellees.*

SCHENCK, J. As to the personal property involved in the first action, there is no evidence that the defendant D. Carl Winner ever received any liberty bonds of his father Marion L. Winner, as alleged in the complaint. There is some evidence, however, that D. Carl Winner did at one time have in his possession about $6,000.00 in cash formerly the property of his father, Marion L. Winner. Albeit, there is no evidence as to how, when or why he obtained this possession. The same testimony to the effect that D. Carl Winner said that he had certain moneys of his father, Marion L. Winner, also was to the effect that D. Carl Winner said, "Papa gave me the money and told me to throw it in the ocean before I let anyone else get it." There is nowhere in the record any evidence that D. Carl Winner practiced any fraud, deceit or wrongdoing

WINNER *v.* WINNER.

upon his father, Marion L. Winner, before or at the time of the delivery of any money to him. There is no evidence that the money was delivered to the defendant upon any condition or trust. In fact, there is no evidence as to under what circumstances such delivery was made, if indeed such delivery was made. The mere fact that the donee was the son of the donor and that the gift might result in an unequal division of the property among the children of the donor is not sufficient to engraft a constructive trust upon the gift in favor of the personal representative of the donor. Something more than the natural influence springing from the relationship of a father to his children to deal equally with them must be shown to defeat a gift to one of his children to the detriment of the others; imposition, fraud, importunity, duress, or something of that nature must appear, otherwise that disposition of property which accords with the wishes of the donor at the time of the gift, whatever may have motivated such wishes, must be sustained. "Right or wrong, it is to be expected that a parent will favor a child who stands by him, and to give to him, rather than the others, his property." Certainly the law does not prohibit such favoritism, and such a gift will not be rendered nugatory by engrafting a trust thereupon in favor of others, in the absence of evidence clear, strong and convincing of fraud, deceit, undue influence or wrongdoing practiced upon the donor. *Plemmons v. Murphey,* 176 N. C., 671, 97 S. E., 648.

We find no error in the ruling of the judge in the first cause of action and the judgment of nonsuit entered therein is therefore affirmed.

As to the land involved in the second action, it appears from the admissions and evidence in the record that Marion L. Winner, the original plaintiff, executed and delivered a deed therefor, conveying a fee simple title, subject to the reservation of life estates in favor of the grantor and his wife, for the consideration of love and affection, to his son D. Carl Winner and his wife, Marguerite Wells Winner, the defendants. There is in the deed no expression of trust or agreement that the land is to be reconveyed. There is also no other written or documentary evidence of such a trust or agreement.

The strongest and practically the only evidence tending to show that the deed was delivered and received with an agreement to reconvey by the grantee to the grantor upon demand of the latter is the testimony to the effect that Marion L. Winner had prepared a deed from D. Carl Winner and his wife, to him, and presented said deed to D. Carl Winner with the request that he and his wife, the defendants, execute the same, which they refused to do. This evidence is the testimony of Walter Winner, another son of the original plaintiff, and is as follows: "Carl said, 'I want to wait for a while first.' Father said, 'No, I don't want to wait; I want it signed now.' Carl said, 'You will have to wait a little

while; I will have to see a lawyer first.' Papa said, 'There was not a damn thing said about seeing any lawyer when I deeded that land to you, and you promised to deed it back to me when I asked you for it,' and Carl said, 'I will see a lawyer first,' and he walked out of the room, and Father fell back on the bed, and his eyes filled with water. . . ."

There is no evidence in the record of any fraud, mistake or undue influence practiced upon the grantor, Marion L. Winner, at the time of the execution and delivery of the deed from him to the defendants, D. Carl Winner and his wife, Marguerite Wells Winner. While there is allegation, there is in fact no evidence as to when, how or why the deed was executed and delivered. Under these circumstances the cause of action of the plaintiffs, who rely upon a constructive trust arising out of a cotemporaneous agreement that the grantee would hold the land for the benefit of the grantor and reconvey it upon his demand, must fail.

In *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028, *Hoke, J.,* declares the law applicable to this case in these clear words: "Nor do we think it permissible upon the evidence that the plaintiffs should engraft a parol trust on a deed of the kind presented here by express declaration or agreement. The seventh section of the English Statute of Frauds, forbidding 'the creation of parol trusts or confidences of lands, tenements or hereditaments, unless manifested and proved by some writing,' not being in force with us, and no statute of equivalent import having been enacted, these parol trusts have a recognized place in our jurisprudence and have been sanctioned and upheld in numerous and well-considered decisions. *Avery v. Stewart,* 136 N. C., 436; *Sykes v. Boone,* 132 N. C., 199; *Shelton v. Shelton,* 58 N. C., 292; *Strong v. Glasgow,* 6 N. C., 289. Upon the creation of these estates, however, our authorities seem to have declared or established the limitation that except in cases of fraud, mistake or undue influence, a parol trust, to arise by reason of the contract or agreement of the parties thereto, will not be set up or engrafted in favor of the grantor upon a written deed conveying to the grantee the absolute title, and giving clear indication on the face of the instrument that such a title was intended to pass. *Dickenson v. Dickenson, supra; Bonham v. Craig,* 80 N. C., 224; *Jackson v. Cleveland, supra,* reported also in 90 Amer. Dec., 226, with a full and learned note on this phase of the doctrine; *Dean v. Dean,* 6 Conn., 285; *Cain v. Cox,* 23 West Va., 594, 605; *Dyer v. Dyer,* White and Tudor Leading Cases in Equity (part 1), pp. 314, 344, 354, 355, 356, etc." See, also, *Newton v. Clark,* 174 N. C., 393, 93 S. E., 951; *Chilton v. Smith,* 180 N. C., 472, 105 S. E., 1; *Sorrell v. Sorrell,* 198 N. C., 460, 152 S. E., 157.

The judgment in the second action is
Affirmed.