ROY M. BANKS AND WIFE, LIZZIE M. BANKS, v. J. PAUL SHAW.

(Filed 26 February, 1947.)

**Deeds § 3—**

When it is properly made to appear that the notary took the acknowledgment of grantors and the private examination of the wife, but inadvertently omitted the name of the husband from his certificate, the certificate can be amended subsequently to speak the truth, no rights of creditors or third parties being involved.

APPEAL by defendant from *Thompson, J.,* at October Term, 1946, of WAKE. Affirmed.

*J. M. Broughton and C. Woodrow Teague for plaintiffs, appellees.*
*Wilson & Bickett for defendant, appellant.*

DEVIN, J. The purpose of the action is to determine the title to land, the subject of a contract to convey. The defect complained of is that plaintiffs' title is derived under foreclosure of a deed of trust from T. A. Whitaker and wife, and that this deed of trust duly executed, probated and registered, showed notarial acknowledgment only by the wife. It was properly made to appear and not controverted that the notary took the acknowledgment of the grantors and the private examination of the wife, but inadvertently omitted the name of the husband from his certificate. Subsequent to the foreclosure the notary amended his certificate to speak the truth, attached it to the deed of trust, and the deed of trust with amended certificate in due form was again registered. No rights of third parties or creditors have intervened.

It appears that the deed of trust was properly executed and acknowledged. Hence the omission in the notary's certificate was a matter of proof. The certificate could be amended subsequently to speak the truth, no rights of creditors or third parties being involved. *Frisbee v. Cole,* 179 N. C., 469, 102 S. E., 890. In *Wynne v. Small,* 102 N. C., 133, 8 S. E., 912, it was said : "If the records and *quasi* records omit to speak the truth, they should be corrected when they fail to do so, that they may possess, as they import, absolute verity in all their recitals."

The court below properly held that the plaintiffs' title was good, and that defendant should be required to accept deed for the land in accordance with the terms of the contract.

Judgment affirmed.