WILLIAM G. SKINNER v. MARGARET SKINNER

No. 7512DC707

(Filed 4 February 1976)

1. **Rules of Civil Procedure § 11; Pleadings § 8—verification of complaint—illiterate plaintiff—attack on verification**

   The trial court erred in allowing defendant's motion to strike the verification of plaintiff's complaint, though plaintiff testified on cross-examination that he had not read the complaint and that he "did not know what was on it because it was read to him," since the verification was made by plaintiff's affidavit taken before a notary public, who is one of the officers competent for that purpose under G.S. 1-148, the verification was in the usual form and contained the statements required by G.S. 1A-1, Rule 11(b), plaintiff could not read but could write his name, and plaintiff's testimony was consistent throughout that someone did read the complaint to him and that he did sign the verification.

2. **Husband and Wife § 4; Trusts § 19—wife's property—conveyance to husband and wife as tenants by entirety—no resulting trust**

   The trial court erred in determining that a resulting trust arose upon the conveyance by defendant of a 5.27 acre tract of land to plaintiff and herself as tenants by the entirety, though the land was purchased with defendant's separate funds, and it was error for the court to order plaintiff to convey his interest in the tract to defendant since defendant could not engraft a trust *upon her own conveyance* in the absence of fraud, mistake, or undue influence, which was negated by evidence that the provisions of G.S. 52-6 were complied with in the execution of the deed creating the tenancy by the entirety.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 14 May 1975 in District Court, CUMBERLAND County. Heard in the Court of Appeals 12 January 1976.

Plaintiff instituted an action for absolute divorce from defendant wife on 12 June 1974, alleging in his verified complaint that the parties had been separated for more than a year. Defendant answered, denying continuous separation and alleging abandonment as a second defense. Defendant also filed a first counterclaim for divorce from bed and board on the grounds that on 23 March 1973 plaintiff abandoned the defendant without just cause; a second counterclaim for alimony on the ground of adultery; and a third counterclaim asking that plaintiff be required to convey to her his interest in a 5.27 acre tract of land held by the parties as tenants by the entirety on the ground that she furnished the entire purchase price for

said land and did not intend a gift of same to her husband, thereby giving rise to a resulting trust in her favor.

At the close of the plaintiff's evidence, defendant moved to strike the verification of plaintiff's complaint and to dismiss the action for divorce. The motion was allowed.

At the close of defendant's evidence, the plaintiff moved for a directed verdict as to defendant's first, second, and third counterclaims. The motion was allowed as to the second counterclaim but denied as to the first and third counterclaims. Upon submission of issues, the jury found (1) the residence of Defendant in Cumberland County for more than six months preceding the institution of her counterclaim for divorce from bed and board, (2) the marriage of the parties to each other on 1 April 1972, as alleged in the counterclaim, (3) the plaintiff did not abandon the defendant without just cause on 23 March 1973, and (4) the plaintiff is a trustee of a resulting trust in favor of defendant of the real property described in the counterclaim.

Judgment was entered (1) dismissing plaintiff's action for absolute divorce, (2) denying defendant's counterclaim for divorce from bed and board and for alimony, and (3) declaring plaintiff to be a trustee of a resulting trust and ordering plaintiff to convey his interest in the 5.27-acre tract to defendant.

In apt time plaintiff moved pursuant to G.S. 1A-1, Rule 50(b)(1) for judgment notwithstanding the verdict as the verdict relates to defendant's third counterclaim. The motion was denied, and plaintiff appealed.

*Blackwell, Thompson, Swaringen, Johnson & Thompson, P.A. by Larry A. Thompson for plaintiff appellant.*

*McCoy, Weaver, Wiggins, Cleveland & Raper by L. Stacy Weaver, Jr. for defendant appellee.*

PARKER, Judge.

[1] Plaintiff first assigns error to the court's actions in allowing the defendant's motion to strike the verification to his complaint and in dismissing plaintiff's action for absolute divorce. This assignment has merit.

G.S. 50-8 requires that "[i]n all actions for divorce the complaint shall be verified in accordance with the provisions

Skinner v. Skinner

of Rule 11 of the Rules of Civil Procedure and G.S. 1-148." G.S. 1A-1, Rule 11(b) states: "In any case in which verification of a pleading shall be required by these rules or by statute, it shall state in substance that the *contents of the pleading verified are true* to the knowledge of the person making the verification, except as to those matters stated on information and belief, and as to those matters he believes them to be true. Such verification shall be made by affidavit of the party" . . . (Emphasis added). G.S. 1-148 specifies which officers are competent to take affidavits for the verification of pleadings.

Examination of the verification to plaintiff's complaint as the same appears in the record filed with this court discloses that it was made by plaintiff's affidavit taken before a notary public, who is one of the officers competent for that purpose under G.S. 1-148. The verification was in the usual form and contained the statements required by G.S. 1A-1, Rule 11(b). Defendant contends that it was nevertheless properly stricken because on cross-examination plaintiff testified he had not read the complaint, that he "did not know what was on it because it was read to him," and because his testimony discloses that plaintiff was not fully aware of the nature of what he was doing when he signed the verification. The record further discloses, however, that plaintiff testified that he had never learned to read, though he could write his name, and his testimony was consistent throughout that someone read the complaint to him and that he did sign the verification. There was no showing that plaintiff did not in fact sign the verification, and nothing in the record suggests that the signature which appears thereon was not in fact his signature. The certificate to the verification signed by the notary public and attested by her seal certifies that the verification was "[s]worn to and subscribed" before her, and nothing in the record impeaches that certification. Nothing in plaintiff's testimony suggests that the essential statement required by Rule 11(b), the statement that "the contents of the pleading verified are true to the knowledge of the person making the verification" was in any way false. It is clear that plaintiff was not a well-educated person, and it is apparent he could be easily confused under cross-examination. We find such uncertainties as he expressed under cross-examination as to the exact nature of his act in verifying the complaint to be an insufficient basis to warrant impeachment of his verification. Accordingly, we

hold the court erred in allowing defendant's motion to strike the verification and in dismissing plaintiff's complaint.

[2]   Plaintiff also assigns error to the court's actions in denying his motions for a directed verdict and for judgment notwithstanding the verdict as to defendant's third counterclaim in which defendant wife seeks to have plaintiff husband declared to be a trustee of a resulting trust in her favor as to any interest he may have in the 5.27-acre tract of land, legal title to which is held by the parties as tenants by the entirety. In this connection defendant's evidence shows the following:

Defendant purchased the 5.27-acre tract in 1970, prior to her marriage to plaintiff, and the deed conveying the land to her was recorded in 1970. At the time of purchase she made a down payment and gave back a purchase money deed of trust to secure the balance of the purchase price, which was payable in 60 monthly installments. At the time of trial a portion of these monthly installments still remained to be paid. However, both the down payment and all monthly installments of purchase price which had been paid up to the date of trial were paid by defendant from her separate funds. On 1 April 1972 plaintiff and defendant were married to each other. On 12 July 1972 defendant wife signed a warranty deed conveying the 5.27-acre tract to herself and her husband, the plaintiff herein, as tenants by the entirety. Defendant testified that plaintiff had asked her several times "to put his name on the deed," and that she did so "because she could tell the marriage was not going as well as it should and since he argued and wanted his name on the deed that it would make everything smoother, so she decided she would do it, as she wanted to keep the marriage going." Defendant also testified that she "did not intend to make a gift to him at the time and she went to the courthouse and had a private examination by the Clerk of the Superior Court." On cross-examination defendant testified that at the time she signed the deed "she was happily married to him, as happy as any other couple," and that when she signed the deed "she was familiar with the contents of the deed and she was familiar with the language in the deed that said 'that the purpose of the deed is to create a tenancy by the entirety in the Grantees herein,' and that was her intention at the time she signed the deed; she understood that there was a right of survivorship."

A copy of the deed, defendant's exhibit 8, is included in the record. Examination of this deed, which was dated 12 July 1972 and was recorded on the same date, discloses that it was a deed of bargain and sale in customary form, which recited a valuable consideration, contained an habendum in regular form, and contained full covenants of warranty. Defendant's acknowledgment to the deed was taken before the Assistant Clerk of Superior Court, who certified that the defendant, upon being privately examined separate and apart from her husband touching her voluntary execution of the deed, acknowledged "that she signed the same freely and voluntarily without fear or compulsion of her said husband or any other person," and that she still voluntarily assented thereto. The certificate of the Assistant Clerk also contains the statement as required by G.S. 52-6 that it had been made to appear to the Assistant Clerk and she found as a fact that the instrument was "not unreasonable or injurious" to the wife.

We find that the court erred in denying plaintiff's motion for a directed verdict and in denying his subsequent motion for judgment notwithstanding the verdict as to defendant wife's third counterclaim. There was neither allegation nor evidence that any fraud, duress, or undue influence was practiced by anyone against the defendant wife in order to induce her to execute the deed. There is no contention that any express trust was created. Defendant wife's position seems to be that because the tract of land was hers and was purchased entirely with her separate funds, and because she testified that at the time she signed the deed she did not intend to make a gift to her husband, a trust in her favor resulted. Citing such cases as *Ingram v. Beasley,* 227 N.C. 442, 42 S.E. 2d 624 (1947), *Tire Co. v. Lester,* 190 N.C. 411, 130 S.E. 45 (1925), and *Deese v. Deese,* 176 N.C. 527, 97 S.E. 475 (1918), defendant seeks to equate the present case to one in which it is shown that the funds of one person are used to purchase property, title to which is taken in another. In such a case the payment of the purchase money raises a resulting trust in favor of him who furnishes the money unless a contrary intention or a contrary presumption of law prevents. As the above cited cases disclose, such a trust arises between husband and wife, in favor of the wife, when land is deeded to both for consideration furnished by the wife, although the contrary rule applies when the purchase money is furnished by the husband, for in such case there is a presumption that he intended to make a gift to his

wife. Under the facts disclosed by the evidence in the present case, however, no resulting trust arises. Here, there was no conveyance by a third party to the husband upon consideration furnished by the wife. On the contrary, the wife is here attempting to engraft a trust *upon her own conveyance.* This she may not do in the absence of fraud, mistake, or undue influence, none of which are here shown. *Gaylord v. Gaylord,* 150 N.C. 222, 63 S.E. 1028 (1909).

Our Supreme Court, in its opinion on a second appeal of the case of *Tire Co. v. Lester, supra,* discussed the effect of a deed made by a wife conveying her separate property to her husband where no consideration was paid. Citing *Gaylord v. Gaylord, supra,* the Court said:

"[I]n a deed giving on the face clear indication that an absolute estate was intended to pass, either by recital of valuable consideration, or by an express covenant to warrant and defend the title, no trust would result in favor of the grantor by reason of the circumstance that no consideration was in fact paid, and that the main current of decision is in the direction of establishing the principle that, as between the parties, a trust cannot be fastened on an absolute deed by evidence that the grantee paid no consideration, or that he agreed to hold the premises for the grantor." *Tire Co. v. Lester,* 192 N.C. 642, 646, 135 S.E. 778, 780 (1926).

G.S. 39-13.3(b) provides that "[a] conveyance of real property, or any interest therein, by a husband *or a wife* to such husband and wife vests the same in the husband and wife as tenants by the entirety unless a contrary intention is expressed in the conveyance." (Emphasis added.) No such contrary intention was expressed in the conveyance involved in the present case. Subsection (e) of G.S. 39-13.3 further provides that "[a]ny conveyance by a wife authorized by this section is subject to the provisions of G.S. 52-6." As heretofore noted, the provisions of G.S. 52-6 were fully complied with in connection with the conveyance involved in the present case. These statutes express a clear legislative intent that so long as the provisions of G.S. 52-6 are complied with, a wife may convey her separate property to her husband, or to her husband and herself, as freely and with the same consequences as the husband may convey his property to his wife.

In the court's ruling denying plaintiff's motions for a directed verdict and for judgment notwithstanding the verdict as to defendant's third counterclaim, we find error. The judgment declaring plaintiff a trustee and ordering him to convey his interest in the 5.27-acre tract of land to the defendant is reversed, and this case is remanded for trial of plaintiff's action for absolute divorce and for entry of judgment for plaintiff notwithstanding the verdict as to defendant's third counterclaim. See G.S. 1A-1, Rule 50(b)(2).

Error and remanded.

Judges HEDRICK and ARNOLD concur.