H. SPURGEON BOYCE v. SYLVIA LLOYD MEADE AND CAROL LLOYD CRO-
WELL, CO-EXECUTRICES OF THE ESTATE OF LILLIE P. BOYCE, DECEASED, AND
SYLVIA LLOYD MEADE AND CAROL LLOYD CROWELL, INDIVIDUALLY

No. 8414SC286

(Filed 4 December 1984)

1. Trusts § 13.2— parol trust—deeds intending to pass title

Plaintiff could not engraft an express parol trust on deeds to his wife
which were intended to pass title.

2. Trusts § 13— conveyances to wife—no resulting trust

Plaintiff could not engraft a resulting trust upon his own conveyances to
his wife in the absence of fraud, mistake or undue influence.

3. Trusts § 19— insufficient evidence of constructive trusts

Plaintiff's evidence was insufficient for the imposition of a constructive
trust on entirety property and solely owned property conveyed by plaintiff to
his wife because of potential liability from a lawsuit pending against him
where the evidence failed to show that plaintiff's wife practiced any fraud,
deceit, undue influence or wrongdoing upon plaintiff before or at the time of
the conveyance of title.

4. Trusts § 13.2— alleged parol trusts—inapplicability of former statute

There was no occasion for a court to exercise jurisdiction under former
G.S. 36-39(a) to require successors in interest of plaintiff's wife to reconvey to
plaintiff property which he allegedly conveyed to his wife upon a parol trust
where refusal to perform the terms of the alleged trust by the wife's suc-
cessors occurred years after G.S. 36-39(a) was repealed.

APPEAL by plaintiff from *Clark, Judge.* Judgment entered 6
May 1983 in Superior Court, DURHAM County. Heard in the Court
of Appeals 27 November 1984.

In this action plaintiff seeks to recover property, legal title of
which he conveyed to his wife. Plaintiff, as grantor, executed
seven deeds. Each conveyed the parcel of land described therein
to plaintiff's wife, as grantee. The parcel of land conveyed by one
of these deeds was owned solely by plaintiff. The parcels con-
veyed by the other six deeds were owned by plaintiff and his
wife, and each deed recited that the conveyance was made in ac-
cordance with G.S. 39-13.3(c), dissolving the tenancy-by-the-
entirety. Each deed contains a standard habendum clause with
full covenants of warranty.

Defendants, the heirs of plaintiff's wife, deny that plaintiff is entitled to any relief and seek an accounting from plaintiff for certain rents and profits allegedly collected by plaintiff from such property while title remained in the name of plaintiff's wife.

Defendants' motion for summary judgment was granted, denying relief to plaintiff and ruling that defendants were entitled to the rents and profits derived from the property.

Plaintiff appealed.

*Haywood, Denny, Miller, Johnson, Sessoms & Haywood, by J. A. Webster, III and George W. Miller, Jr. for plaintiff appellant.*

*Thomas J. Andrews for defendant appellees.*

HILL, Judge.

The primary issue is whether the trial court erred in granting defendants' motion for summary judgment. We find that summary judgment was properly granted.

Upon motion a summary judgment must be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). The party moving for summary judgment has the burden of establishing the absence of any triable issue of fact. His papers are meticulously scrutinized and all inferences are resolved against him. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976); *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). In ruling on a motion for summary judgment, the court should not decide issues of fact. *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). "However, summary judgments should be looked upon with favor where no genuine issue of material fact is presented." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971).

Applying these basic tenets to the case under review, we address plaintiff's contention that summary judgment was improperly granted. This contention is based on there being a genuine issue of material fact by virtue of the existence of an express

trust, resulting trust, constructive trust, or the relief provided by G.S. 36-39.

**[1]** (1) *Express trust.* Plaintiff's conveyance of his interest in the properties to his wife was "to protect the deceased's interest" owing to potential liability from a lawsuit pending against him. Plaintiff contends this conveyance was subject to an express parol trust with plaintiff's wife as trustee and the marital unit as beneficiary. However, plaintiff alone was grantor, and his own evidence indicated that the property "would be transferred back to recreate the pretrust ownership." Thus, if the alleged trust had been performed, plaintiff would have reacquired sole owner-ship of the property. The rule in *Gaylord v. Gaylord*, 150 N.C. 222, 63 S.E. 1028 (1909), prohibits the engrafting of a parol trust on a deed which intends to pass title.

> [A] parol trust, to arise by reason of the contract or agree-ment of the parties thereto, will not be set up or engrafted in favor of the grantor upon a written deed conveying to the grantee the absolute title, and giving clear indication on the face of the instrument that such a title was intended to pass.

*Id.* at 227, 63 S.E. at 1031. Such a trust would contradict the deed and defeat the very purpose for which the deed was made. Plain-tiff's alleged express parol trust must be rejected as parol evidence, and thus, does not create an issue of fact to survive summary judgment under G.S. 1A-1, Rule 56(c).

**[2]** (2) *Resulting trust.* Plaintiff contends the following forecast of evidence was sufficient for a jury to find that a resulting trust existed in favor of plaintiff or the entirety entity: Plaintiff fur-nished from his own funds the purchase price of the real property in question and did so prior to title vesting in the name of his wife. Plaintiff did not intend the conveyance as a gift; rather, he and his wife intended that she be a temporary receptacle of legal title, with beneficial interest inuring to plaintiff alone. This ar-rangement was implemented to protect plaintiff's wife, "to make her feel better," and she was to convey the property back to plaintiff upon the passing of the threat posed by the lawsuit.

The failure of plaintiff's forecast of evidence, taken as true, to convert plaintiff's unenforceable express trust into a resulting trust is substantiated by *Skinner v. Skinner*, 28 N.C. App. 412,

222 S.E. 2d 258, *disc. rev. denied*, 289 N.C. 726, 224 S.E. 2d 674 (1976). In *Skinner*, a wife sought to have a resulting trust declared and enforced on certain lands she had deeded to herself and her husband as tenants by the entireties. She had owned the land before her marriage, had paid the purchase price for it, and did not intend a gift of the property to her husband. The trial court declared the husband a trustee and this Court reversed and remanded for entry of judgment notwithstanding the verdict for the husband on the wife's resulting trust claim. This Court stated that "[h]ere, there was no conveyance by a third party to the husband upon consideration furnished by the wife. On the contrary, the wife is here attempting to engraft a trust *upon her own conveyance*. This she may not do in the absence of fraud, mistake, or undue influence. . . ." *Id.* at 417, 222 S.E. 2d at 262 (original emphasis). Plaintiff has failed to show any of these elements. Since no resulting trust arises under the facts disclosed by the evidence in the present case, an issue of fact for the jury did not exist.

[3]   (3) *Constructive trust.* Plaintiff contends the evidence as hereinbefore stated was sufficient to warrant the imposition of a constructive trust, and therefore summary judgment in defendants' favor must be reversed. We disagree. The record is void of any evidence that plaintiff's wife practiced any fraud, deceit, undue influence or wrongdoing upon plaintiff before or at the time of the conveyance of title. Under these circumstances, plaintiff's cause of action, relying upon a constructive trust arising out of an alleged agreement that the grantee would hold the land for the benefit of the grantor and reconvey it upon his demand, must fail. See *Winner v. Winner*, 222 N.C. 414, 23 S.E. 2d 251 (1942).

[4]   (4) *G.S. 36-39.* G.S. 36-39(a), which was repealed by Session Laws 1977, c. 502, s. 1, effective 1 January 1978, states in pertinent part the following:

> When an interest in real property is conveyed by deed to a person on a trust which is unenforceable on account of the statute of frauds and the intended trustee or his successor in interest still holds title but refuses to carry out the trust on account of the statute of frauds, the intended trustee or his successor in interest . . . shall be under a duty to convey the interest in real property to the settlor or his successor in interest. A court having jurisdiction may prescribe the condi-

tions upon which the interest shall be conveyed to the settlor or his successor in interest.

This statutory language is remedial in nature, stating that the intended trustee or his successor "shall be under a duty to convey the interest to the settlor." The time when this duty arises is when (a) "an interest in real property is conveyed by deed to a person on a trust," (b) "the intended trustee or his successor in interest still holds title," and (c) the intended trustee "refuses to carry out the trust." Absent the occurrence of these three elements, no "duty to convey" exists and no occasion exists for a court "having jurisdiction" to prescribe the condition upon which the interest "shall be conveyed to the settlor."

The evidence in the case under review reveals that plaintiff's wife still held title to the property after 31 December 1977, the last date of the statute's effectiveness. No evidence exists that she had refused to carry out her alleged oral trust before that time. Such refusal to perform the terms of the alleged trust was made by her successors in interest years after G.S. 36-39(a) expired. Therefore, there was no statutory duty to reconvey and no occasion for a court to exercise jurisdiction to enforce the duty.

We conclude that defendants were entitled to judgment as a matter of law, denying plaintiff relief and ruling that defendants were entitled to the rents and profits derived from the property. The judgment of the trial court is

Affirmed.

Judges HEDRICK and WEBB concur.