JANE B. LAWSON v. JOEL E. LAWSON

No. 72PA87

(Filed 2 December 1987)

**Husband and Wife § 10— separation agreement—signing in presence of notary—acknowledgment—subsequent affixing of certificate**

    The acts of the parties in signing a separation agreement in the presence of a notary public satisfied the statutory requirements of an acknowledgment, and the notary could affix a certificate of acknowledgment to the separation agreement two years later so that the document "speaks the truth" where no rights of creditors or third parties are involved. N.C.G.S. § 52-10.1.

ON discretionary review pursuant to N.C.G.S. § 7A-31 of the decision of the Court of Appeals, 84 N.C. App. 51, 351 S.E. 2d 794 (1987), affirming an order granting defendant's motion for summary judgment entered by *Harrell, J.,* on 26 February 1986, in District Court, BUNCOMBE County. Heard in the Supreme Court 11 September 1987.

    *Long, Parker, Payne & Warren, P.A., by Ronald K. Payne, for plaintiff-appellant.*

    *Gum and Hillier, P.A., by Howard L. Gum, for defendant-appellee.*

    *Bailey, Dixon, Wooten, McDonald, Fountain & Walker, by David M. Britt and Gary S. Parsons, for Lawyers Mutual Liability Insurance Company of North Carolina, amicus curiae.*

FRYE, Justice.

    The specific question presented in this case is whether the acts of the parties in signing a separation agreement in the presence of a notary public satisfy the requirements of an acknowledgment under the appropriate statute. We answer this question in the affirmative. Thus, the Court of Appeals erred in affirming the trial court's granting of defendant's summary judgment motion because it was plaintiff who was entitled to summary judgment as a matter of law.

    Plaintiff wife filed this action seeking to enforce a separation agreement the parties had signed prior to divorce, contending the defendant husband owed her $1,500, which was apparently back alimony. She attached to her complaint a copy of the separation

agreement, which did not contain the certificate of a certifying officer. Defendant filed a Rule 12(b) motion to dismiss and for judgment on the pleadings. Both parties subsequently moved for summary judgment with supporting affidavits. The deposition of the notary, Mr. Radeker, was also taken and filed with the court.

Defendant's attorney informed Mr. Radeker, who drafted the separation agreement, that the document in question was not notarized. Radeker, without being requested to do so by anyone, then affixed his notarial seal and added a certificate to the separation agreement indicating that the parties had personally appeared before him "this 14th day of November, 1983 and acknowledged the execution of the foregoing instrument." No attempt was made to conceal the fact that the certificate was added some two years after the document had been signed.

Plaintiff wife stated in her affidavit that at the time the separation agreement was signed before Radeker, he indicated to the parties that he was a notary public. Through deposition, Radeker stated that he did tell the parties at the time they signed the separation agreement that he was a notary public. Radeker further stated that plaintiff and defendant signed the document while sitting at his desk in his presence. He told them they would need to record the document if either was going to transfer property without the joinder of the other spouse and "that as a Notary Public, [he] could actually fill the blank out at any time were that necessary."

During the course of the deposition, counsel for defendant asked Radeker if he had the parties state before him that they were signing voluntarily. Radeker indicated that he had not and that he did not think that was ordinarily done. He further stated that his ordinary practice was to either observe the parties sign the document or if the document was signed when presented to him, to simply ask them "is this your signature?"

Defendant husband now contends that he was never told that Radeker was a notary. He further states that he did not acknowledge the separation agreement before Radeker.

The trial court found, and the Court of Appeals later affirmed, that a notary public could not affix his certificate of acknowledgment after the divorce of the parties even though the

instrument was signed in his presence prior to the divorce between the parties. This was error. We hold that the certificate of acknowledgment may be subsequently affixed to a separation agreement if the agreement was valid under the appropriate statute, no rights of creditors or third parties being involved.

To be valid, a separation agreement "must be in writing and acknowledged by both parties before a certifying officer." N.C. G.S. § 52-10.1 (1984). The statute further provides that a person acting in the capacity of a notary public may serve as a certifying officer. N.C.G.S. § 52-10(b) (1984).

Plaintiff wife argues that the decision of the trial court and the Court of Appeals is inconsistent with this Court's holding in *Banks v. Shaw*, 227 N.C. 172, 41 S.E. 2d 281 (1947). We agree.

In *Banks*, a deed of trust had been executed by husband and wife and then registered, but only showed the notarial acknowledgment of the wife. Foreclosure had been completed when it was discovered that the notary had inadvertently omitted the name of the husband from his certificate of acknowledgment. Subsequent to foreclosure, the notary amended his certificate to include the husband so as to represent clearly the intentions of the husband and wife. The deed of trust with the amended certificate was again registered. This Court held that "the certificate could be amended subsequently to speak the truth, no rights of creditors or third parties being involved." *Id.* at 173, 41 S.E. 2d at 921. The case permits the amendment of the certificate on a properly executed and acknowledged document.

Defendant and the Court of Appeals have read the facts of this case to be controlled by *Bolin v. Bolin*, 246 N.C. 666, 99 S.E. 2d 920 (1957). In that case, this Court held that the failure to comply with the statutory requirements of N.C.G.S. § 52-12 in the execution of the separation agreement rendered it *void ab initio*. The agreement there was void, the husband contended, because the purported acknowledgment took place before a military officer who was not a certifying authority under the statute and because the officer did not make the necessary findings of fact as required by N.C.G.S. § 52-12. Here, defendant asserts a similar defect in fulfilling the dictates of the statute, namely that the acknowledgment requirement has gone unsatisfied. Defendant does not deny that he signed the document but argues that he did

not acknowledge it. Therefore, he asserts, the agreement is *void ab initio* under *Bolin*. Defendant, however, ignores the holding of *Banks*.

*Banks* allows the notary public to amend his certificate so that it "speaks the truth" and fulfills the intentions of the parties at the time of the signing. *Bolin*, decided some ten years later, did not effectively overrule *Banks*. *Bolin* stands for the proposition that a separation agreement that has not been executed properly under N.C.G.S. § 52-12 is *void ab initio*. In *Bolin*, the execution was defective because the certifying official had not conducted the privy examination of the wife as then required by N.C.G.S. § 52-12, a defect incapable of correction by amendment. The agreement had to fail because it did not comply with the statute. On the other hand, in *Banks* the defect was not fatal. The omission of the husband's name did not represent the wishes of the parties and the certificate of acknowledgment could be amended to "speak the truth," to show what in fact occurred, since the document was in all other respects properly executed. The two cases read together then stand for the proposition that while the certificate of acknowledgment on a properly executed agreement may be amended, an improperly executed separation agreement is void.

In this case, the defect alleged by defendant is that acknowledgment did not occur. Clearly, N.C.G.S. § 52-10.1 requires a writing and acknowledgment. To be "legal, valid, and binding," plaintiff must show the presence of both elements. The absence of either would be a fatal defect. Defendant contends the separation agreement ignored the statutory requirement of acknowledgment, and summary judgment was therefore appropriate because the agreement was void from its inception. We disagree.

Defendant does not dispute the fact that he signed the document in the presence of Mr. Radeker. He insists, however, that what he did was not acknowledgment. He states that he was never provided with a copy of any such document containing an acknowledgment; he was never requested to acknowledge the document; he has never given any authority to anyone to acknowledge the document; and not since the signing of the document has he appeared before any officer and acknowledged his signature or the voluntary execution of it. The fatal flaw in defendant's argu-

ment is the exacting procedures he finds necessary for acknowledgment to have occurred. This Court has held that less satisfies the statutory dictates of acknowledgment.

In *Freeman v. Morrison*, 214 N.C. 240, 199 S.E. 2d 12 (1938), this Court was asked to determine the acts necessary for acknowledgment. In that case, whether acknowledgment had occurred was decisive as to the priority given to competing instruments. Then N.C.G.S. §§ 3308 and 3311 (1935) required, among other things, that leases be acknowledged. The statute further provided that the form of acknowledgment should be in substance that of the statutory model. The statute then set out the customary notary certification providing for entry of the county in which the notary resides, a statement that the maker personally appeared before the notary, a statement that the notary witnessed the signing thereof, and for the notary to sign and place his seal on the certificate.

Although the certificate of acknowledgment did not precisely follow the dictates of the legislature in that case, it was held that the acknowledgment was sufficient under the statute and thus the lease prevailed over the disputed deed as being first in time. There, this Court said that "the word 'acknowledge,' as used with respect to the execution of instruments, is a 'short-hand' expression descriptive of the act of personal appearance before a proper officer and there stating to him the fact of the execution of the instrument as a voluntary act." *Id.* at 243, 199 S.E. 2d at 16. This having occurred in that case, the acknowledgment requirement of the statute had been met. In so holding, the Court adopted a liberal interpretation of the meaning of the word "acknowledge." *Id.*

Applying the above to the instant case, we hold that the acts of defendant husband constituted acknowledgment. Defendant, in signing the separation agreement in the presence of the notary, performed acts sufficient to qualify as an acknowledgment under the statute. Since the signing was in the presence of the notary, it was unnecessary for defendant to state to the notary the fact of the execution of the instrument as his voluntary act. Because acknowledgment had occurred, the later addition of the certificate by the notary on the document is valid so that the document "speaks the truth" under this Court's ruling in *Banks* since no rights of creditors or third parties are involved. Therefore, summary judgment in favor of the defendant was improperly granted.

We must now determine whether plaintiff's summary judgment motion should have been allowed. The purpose of a summary judgment hearing is to allow the court to determine from a forecast of the evidence if there is a material issue of fact that is triable. *Wachovia Mortgage Co. v. Autry-Barker-Spurrier Real Estate*, 39 N.C. App. 1, 249 S.E. 2d 727 (1978), *aff'd*, 297 N.C. 696, 256 S.E. 2d 688 (1979). Here, the affidavit submitted by the plaintiff indicated to the trial court that plaintiff would testify that both she and defendant executed the separation agreement in the presence of Mr. Radeker after being advised that Radeker was a notary public. Mr. Radeker's testimony during his deposition tends to confirm the evidence stated in plaintiff's affidavit, while defendant's affidavit states he did not acknowledge the separation agreement. Defendant, however, does not deny that he signed the document in the presence of Radeker. The facts as stated by plaintiff and Mr. Radeker and not denied by defendant constitute a forecast of competent evidence which would establish acknowledgment as a matter of law. Therefore, summary judgment on this question should rightfully have been granted in favor of plaintiff wife.

For the reasons discussed herein, the trial court erred in granting defendant's motion for summary judgment. The decision of the Court of Appeals is therefore reversed, the summary judgment for defendant is vacated, and the case remanded to the Court of Appeals for further remand to the District Court, Buncombe County, with directions to enter summary judgment for plaintiff.

Reversed and remanded.