## MOORE v. MOORE

[108 N.C. App. 656 (1993)]

WILLIAM R. MOORE, Plaintiff v. BETTY EVANS MOORE, Defendant

No. 9115DC1015

(Filed 19 January 1993)

**1. Divorce and Separation § 4 (NCI4th) — separation agreement — proper acknowledgment**

In a declaratory judgment action brought by plaintiff to have a separation agreement declared null and void on the ground that the agreement had not been properly acknowledged in violation of the requirements of N.C.G.S. § 52-10.1 and N.C.G.S. § 52-10(b), the trial court properly entered summary judgment for defendant, even though the parties did not agree on whether the notary was present in the room at the time of the signing, since, to impeach a notary's certification, there must be more than a bare allegation that no acknowledgment occurred, and plaintiff never asserted that the actual signature on the agreement was other than his own.

**Am Jur 2d, Divorce and Separation § 820.**

**2. Divorce and Separation § 37 (NCI4th); Estoppel § 15 (NCI4th) — validity of notarization on separation agreement — acceptance of benefits under agreement — estoppel to assert invalidity**

Even if the notarization on the parties' separation agreement could be deemed invalid due to a technical statutory violation, plaintiff was estopped from asserting its invalidity, since he treated it as valid for two years without complaint and enjoyed the benefits of the agreement.

**Am Jur 2d, Divorce and Separation § 836.**

Judge GREENE dissenting.

Appeal by plaintiff from order entered 14 May 1991 by Judge William A. Vaden in Alamance County District Court. Heard in the Court of Appeals 17 November 1992.

*Tuggle Duggins & Meschan, P.A., by Carolyn J. Woodruff and J. Reed Johnston, Jr., for plaintiff appellant.*

*Abernathy, Roberson & Huffman, by G. Wayne Abernathy, for defendant appellee.*

**MOORE v. MOORE**

[108 N.C. App. 656 (1993)]

COZORT, Judge.

Plaintiff-husband, William J. Moore, originally filed a declaratory judgment action on 18 June 1987 to have a separation agreement entered into with defendant-wife, Betty Evans Moore, declared null and void on the grounds that the agreement had not been properly acknowledged in violation of the requirements of N.C. Gen. Stat. § 52-10.1 and N.C. Gen. Stat. § 52-10(b). Plaintiff claims the agreement violated these statutory provisions because a notary public did not witness him sign the agreement, nor did plaintiff acknowledge his signature to the notary. Defendant denied the invalidity of the agreement and raised affirmative defenses of estoppel, waiver, and ratification. Defendant counterclaimed for specific performance of the agreement.

The trial court granted defendant's motion for partial summary judgment against plaintiff on the issue of the validity of the separation agreement on 17 November 1987. The plaintiff appealed the ruling to this Court. The appeal was dismissed as being interlocutory. On 14 May 1991, an order and final judgment was entered on defendant's counterclaim to specifically enforce the separation agreement. Plaintiff again appeals the trial court's entry of summary judgment in defendant's favor and claims that the separation agreement was invalid.

Summary judgment is properly rendered where the pleadings, depositions, interrogatories, admissions, and submitted affidavits demonstrate there is no genuine issue as to a material fact and that a party is entitled to judgment as a matter of law. *Johnson v. Phoenix Mut. Ins. Co.*, 300 N.C. 247, 266 S.E.2d 610 (1980).

The pleadings, affidavits, and other documents before the court for summary judgment purposes show that plaintiff and defendant married on 18 March 1967. On 2 April 1985, they entered into a separation and property settlement agreement. The separation agreement was prepared by attorney Robert J. Wishart who represented the defendant throughout the negotiation and preparation of the agreement. The parties went together to Wishart's office in Burlington, North Carolina, on 2 April 1985 to execute the agreement. The parties met with Mr. Wishart in a conference room to review and sign several documents. According to all of the submitted affidavits, Mr. Wishart was accompanied by Tracey King, an employee in his office.

MOORE v. MOORE

[108 N.C. App. 656 (1993)]

Plaintiff's affidavit and two supplemental affidavits indicate that Ms. King, the notary, was in and out of the conference room preparing additional paperwork necessary to execute one of the quit-claim deeds the parties were to sign. Plaintiff's affidavit states:

> I further did not acknowledge my signature of any separation and property settlement agreement to any person. . . . The notary public who notarized the purported separation and property settlement agreement was not present at any time during the signing of the purported separation and property settlement agreement by either Ms. Moore or myself, nor did I at any time acknowledge the due execution and/or execution of the document to said notary public nor to any notary public.

Defendant's affidavit and that of Tracey King indicate that Ms. King was physically present when the separation and property settlement agreement was signed by the parties. Defendant's affidavit states, "I clearly remember Ms. King being in the room when we each signed the Separation and Property Settlement Agreement. She notarized these documents as well as other property documents which were dealt with in the Separation and Property Settlement Agreement." Ms. King's affidavit states: "I remember taking my notary seal into the law firm conference room and witnessing both Mr. and Mrs. Moore sign several documents. To the best of my recollection, the documents included some real estate documents and two copies of a Separation Agreement."

N.C. Gen. Stat. § 52-10.1 (1991) states that a separation agreement "must be in writing and acknowledged by both parties before a certifying officer as defined in G.S. 52-10(b). Such certifying officer must not be a party to the contract." A certifying officer "shall be a notary public, or a justice, judge, magistrate, clerk, assistant clerk or deputy clerk of the General Court of Justice . . . ." N.C. Gen. Stat. § 52-10. If a separation agreement is improperly executed, it is void *ab initio. Lawson v. Lawson*, 321 N.C. 274, 362 S.E.2d 269 (1987).

[1] We find the trial court's entry of summary judgment for defendant was not error even though the parties do not agree on whether the notary was present in the room at the time of signing. Plaintiff has failed to advance a *genuine* issue of material fact which would justify going forward with a trial on the issue of the validity of the separation agreement.

**MOORE v. MOORE**

[108 N.C. App. 656 (1993)]

Plaintiff's evidence does not overcome the presumption of legality of execution created by the notarization of the separation agreement. North Carolina recognizes a presumption in favor of the legality of an acknowledgment of a written instrument by a certifying officer. *See, i.e., Skinner v. Skinner*, 28 N.C. App. 412, 222 S.E.2d 258, *disc. review denied*, 289 N.C. 726, 224 S.E.2d 674 (1976). To impeach a notary's certification, there must be more than a bare allegation that no acknowledgment occurred. In *Skinner*, for example, the defendant challenged the plaintiff's verification of his Rule 11 complaint. This Court stated:

> There was no showing that plaintiff did not in fact sign the verification, and nothing in the record suggests that the signature which appears thereon was not in fact his signature. The certificate to the verification signed by the notary public and attested by her seal certifies that the verification was "[s]worn to and subscribed" before her, and nothing in the record impeaches that certification.

*Id.* at 414, 222 S.E.2d at 261. Here, plaintiff never asserts that the actual signature on the agreement is other than his own—he suggests only a technical violation of N.C. Gen. Stat. § 52-10.1. He does not bring forth sufficient evidence to overcome the presumption created in favor of the validity of the acknowledgment.

[2]   Finally, even if the notarization could be deemed invalid due to the technical statutory violation, plaintiff is estopped from asserting its invalidity.

> The doctrine of estoppel rests upon principles of equity and is designed to aid the law in the administration of justice when without its intervention injustice would result. The rule is grounded in the premise that it offends every principle of equity and morality to permit a party to enjoy the benefits of a transaction and at the same time deny its terms or qualifications.

*Thompson v. Soles*, 299 N.C. 484, 486-87, 263 S.E.2d 599, 602 (1980) (citations omitted). Having chosen to recognize the agreement by treating it as valid for two years without complaint, plaintiff has been permitted to enjoy the benefits of the agreement. He now pursues a course to overturn it. Equity dictates the result consistent with the trial court's judgment.

Affirmed.

Judge WALKER concurred in the opinion prior to 8 January 1993.

Judge GREENE dissents.

Judge GREENE dissenting.

I agree that there exists a presumption that a notary acknowledgment, if complete and regular on its face, is true as to the facts stated therein. *Lee v. Rhodes*, 230 N.C. 190, 193, 52 S.E.2d 674, 676 (1949). This presumption, however, does not arise until the person executing the instrument has appeared before the certifying officer and made an acknowledgment of the instrument. *Id.; see also Lawson v. Lawson*, 321 N.C. 274, 278, 362 S.E.2d 269, 272 (1987). Herein lies the source of my disagreement with the majority's conclusion that the trial court properly granted summary judgment in favor of defendant.

Plaintiff's evidence establishes that, although a notary public was present when he and defendant executed *some* documents in connection with their separation, the notary was not present when the parties executed the purported separation agreement, nor did either party thereafter, before the notary, acknowledge his signature on it. Nevertheless, a certificate of acknowledgment appears on the document. "A certificate of acknowledgment may always be impeached . . . by showing that the grantor or other person executing the instrument in question never appeared before the officer purporting to take the acknowledgment, and never actually acknowledged the instrument." 1 Am. Jur. 2d, *Acknowledgments* § 99 (1962); *cf. Lee*, 230 N.C. at 193, 52 S.E.2d at 676 (general rule is that *where grantor has appeared and made some kind of acknowledgment before certifying officer*, a certificate regular in form cannot be impeached by merely denying that acknowledgment was taken in manner certified (emphasis added)). Thus, because proper acknowledgment by both parties before a certifying officer is a prerequisite to the validity of a separation agreement, N.C.G.S. § 52-10.1 (1991), plaintiff's evidence presents a genuine issue of material fact as to the validity of the separation agreement at issue, and therefore summary judgment for defendant was improperly granted by the trial court.

I also disagree with the majority's conclusion that plaintiff is estopped from asserting the invalidity of the purported separation agreement by virtue of his "having chosen to recognize the agreement by treating it as valid for two years without complaint." An improperly executed separation agreement is void *ab initio*, *Lawson*, 321 N.C. at 277, 362 S.E.2d at 271, and provides no basis for estoppel. *Bolin v. Bolin*, 246 N.C. 666, 669, 99 S.E.2d 920, 922-23 (1957). I am, however, of the opinion that, if on remand the purported agreement was determined to be void for lack of proper acknowledgment, plaintiff would, under the general principles set forth in *Harroff v. Harroff*, 100 N.C. App. 686, 692, 398 S.E.2d 340, 344-45 (1990), *disc. rev. denied*, 328 N.C. 330, 402 S.E.2d 833 (1991), be estopped from pleading N.C.G.S. § 50-11 as a bar to any claim by plaintiff for alimony or equitable distribution.

Based on the foregoing, I would reverse the order of the trial court granting summary judgment for defendant.