IN THE MATTER OF: M.M.

No. COA11-929

(Filed 6 December 2011)

**Pleadings—termination of parental rights petition—verification—date of signature**

A termination of parental rights order was affirmed where respondent mother argued that the Youth and Family Services designee signed the verification of the petition before the petition existed. Respondent did not point to any evidence in the record to support her assertion and did not cite any case law supporting her contention that the trial court lacked jurisdiction when the verification predated the filing of the termination petition.

Appeal by respondent-mother from order entered 11 May 2011 by Judge Elizabeth Trosch in Mecklenburg County District Court. Heard in the Court of Appeals 7 November 2011.

## IN RE M. M.

[217 N.C. App. 396 (2011)]

*Senior Associate Attorney Kathleen Marie Arundell for Mecklenburg County Department of Social Services, Youth and Family Services Division, petitioner-appellee.*

*Pamela Newell for Guardian ad Litem appellee.*

*Robin E. Strickland for respondent-mother appellant.*

McCULLOUGH, Judge.

Respondent-mother appeals from an order terminating her parental rights to her daughter, M.M. She contends the trial court lacked subject matter jurisdiction to terminate her parental rights. We affirm.

On 7 October 2010, Mecklenburg County Department of Social Services, Youth and Family Services Division ("YFS"), filed a petition to terminate respondent-mother's parental rights, alleging that grounds existed to terminate her rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) (2009) (neglect); N.C. Gen. Stat. § 7B-1111(a)(2) (failure to make reasonable progress); and N.C. Gen. Stat. § 7B-1111(a)(3) (failure to pay reasonable child care costs). Counsel for YFS signed the petition to terminate on 5 October 2010. A YFS social worker, as designee for YFS, signed the verification before a notary on 1 October 2010. After holding a termination hearing, the trial court concluded that all three grounds existed to terminate respondent-mother's parental rights, and that it was in the best interest of M.M. to terminate respondent-mother's parental rights. Respondent-mother appeals.

Respondent-mother contends the trial court lacked subject matter jurisdiction to terminate her parental rights because the petition to terminate her parental rights was not properly verified. Respondent-mother asserts that since the YFS designee signed the verification four days before YFS counsel signed the petition, the termination petition was improperly verified, thereby violating Rule 11(b) of the North Carolina Rules of Civil Procedure.

A petition to terminate parental rights "shall be verified by the petitioner or movant." N.C. Gen. Stat. § 7B-1104 (2009). In juvenile proceedings, "verified petitions for the termination of parental rights are necessary to invoke the jurisdiction of the court over the subject matter." *In re Triscari Children*, 109 N.C. App. 285, 288, 426 S.E.2d 435, 437 (1993). Rule 11 of the Rules of Civil Procedure requires a petitioner to attest "that the contents of the pleading verified are true

to the knowledge of the person making the verification." N.C. Gen. Stat. § 1A-1, Rule 11(b) (2009).

Respondent-mother argues that the YFS designee could not have attested that the contents of the termination petition were true since the petition, signed by counsel on 5 October 2010, was not in existence when the YFS designee signed the verification on 1 October 2010. Respondent-mother, however, fails to point to any evidence in the record to support her assertion that the petition "was not yet in existence at the time [the YFS designee] verified it." Respondent-mother also fails to cite any case law supporting her contention that the trial court lacks jurisdiction when the verification predates the filing of the termination petition. *See Skinner v. Skinner*, 28 N.C. App. 412, 414-15, 222 S.E.2d 258, 260-61 (trial court erred in striking verification where no evidence impeached the statements therein), *disc. review denied,* 289 N.C. 726, 224 S.E.2d 674 (1976). Respondent-mother's contention is without merit.

Accordingly, we affirm the trial court's termination of respondent-mother's parental rights to M.M.

Affirmed.

Judges HUNTER (Robert C.) and THIGPEN concur.