An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1357

NORTH CAROLINA COURT OF APPEALS

Filed:  15 April 2014

In the Matter of:

S.A.A.

Durham County
No. 11 J 108

Appeal by respondent-mother from order entered 30 August 2013 by Judge William A. Marsh, III, in Durham County District Court.  Heard in the Court of Appeals 31 March 2014.

> *Assistant County Attorney Bettyna Belly Abney for Durham County Department of Social Services.*
>
> *Peter Wood for respondent-mother.*
>
> *Parker Poe Adams & Bernstein LLP, by Erica R. Messimer, for the guardian ad litem.*

ERVIN, Judge.

Respondent-Mother Donna F. appeals from an order terminating her parental rights in her minor child, S.A.A.[1]  On appeal, Respondent-Mother contends that the trial court's order should be vacated for lack of jurisdiction over the subject matter of this case as the result of deficiencies in the

---

[1]S.A.A. will be referred to throughout the remainder of this opinion as "Sally," which is a pseudonym used for ease of reading and to protect the juvenile's privacy.

juvenile petition with which the underlying abuse and neglect proceeding had been initiated. After careful consideration of Respondent-Mother's challenge to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

## I. Factual Background

On 5 April 2011, the Durham County Department of Social Services filed a petition alleging that Sally was an abused and neglected juvenile and took her into its custody on the basis of the issuance of a non-secure custody order. On 19 December 2011, Judge Brian C. Wilks entered an order finding that Sally was a neglected juvenile and directing Respondent-Mother to comply with all recommended mental health services, participate in parenting and domestic violence education, and obtain and maintain stable housing and employment.

After efforts to reunify Sally with Respondent-Mother proved unsuccessful, DSS filed a petition seeking to have Respondent-Mother's parental rights in Sally terminated on the grounds of neglect, dependency, and failure to make reasonable progress in correcting the conditions that had led to Sally's removal from Respondent-Mother's home. After a two-day hearing held in June and July 2013, the trial court entered an order terminating Respondent-Mother's parental rights in Sally on the

basis of determinations that all three grounds for termination alleged in the DSS petition existed and that termination of Respondent-Mother's parental rights in Sally would be in Sally's best interests. Respondent-Mother noted an appeal to this Court from the trial court's order.

## II. Subject Matter Jurisdiction

In her sole challenge to the trial court's termination order, Respondent-Mother argues that the trial court lacked jurisdiction over the subject matter of this case on the grounds that the initial abuse and neglect petition had not been properly verified. More specifically, Respondent-Mother contends that the initial abuse and neglect petition had not been verified as required by N.C. Gen. Stat. § 7B-403 since it had not been signed (1) by an authorized person (based upon a contention that the identity of the individual verifying the petition was unclear) (2) before an individual authorized to administer oaths (based upon a contention that the signature of the person who witnessed the affiant's signature on the verification was illegible) and (3) that these defects in the underlying abuse and neglect petition deprived the trial court of jurisdiction over the subject matter of the termination case. We do not find Defendant's arguments persuasive.

"A trial court's subject matter jurisdiction over all stages of a juvenile case is established when the action is initiated with the filing of a properly verified petition." *In re T.R.P.*, 360 N.C. 588, 593, 636 S.E.2d 787, 792 (2006). "Because litigants cannot consent to jurisdiction not authorized by law, they may challenge jurisdiction over the subject matter . . . at any stage of the proceedings, even after judgment." *Id.* at 595, 636 S.E.2d at 793 (citation and quotation marks omitted; omission in original). A signed verification that was witnessed by an authorized official is, however, valid until it has been successfully impeached. *Skinner v. Skinner*, 28 N.C. App. 412, 414, 222 S.E.2d 258, 260-61, *disc. review denied*, 289 N.C. 726, 224 S.E.2d 674 (1976); *see also Moore v. Moore*, 108 N.C. App. 656, 659, 424 S.E.2d 673, 675 (stating that "North Carolina recognizes a presumption in favor of the legality of an acknowledgment of a written instrument by a certifying officer"), *aff'd*, 334 N.C. 684, 435 S.E.2d 71 (1993). "In our view, matters outside the pleadings . . . may be considered and weighed by the court in determining the existence of jurisdiction over the subject matter." *Tart v. Walker*, 38 N.C. App. 500, 502, 248 S.E.2d 736, 737 (1978).

The argument advanced in Respondent-Mother's brief assumes the existence of various irregularities in the manner in which

the underlying abuse and neglect petition was signed and verified without identifying any evidence tending to actually impeach the validity of the challenged actions. As a result, Respondent-Mother's argument to the contrary notwithstanding, we are required to assume that the underlying abuse and neglect petition was properly signed and verified. In addition, a careful examination of the record establishes that Phanta Diabate, a social worker employed by DSS, signed the initial abuse and neglect petition and swore to its accuracy before Samuel L. Biers, a magistrate. As a result of the fact that Mr. Biers was authorized to administer oaths and assist in the verification of pleadings, N.C. Gen. Stat. § 1-148; N.C. Gen. Stat. §§ 7A-292(1) and (5), and the fact that Respondent-Mother has not shown that Ms. Diabate lacked "sufficient knowledge or information to believe that a case has arisen that invoke[d] the juvenile jurisdiction of the court" or was not authorized in the course and scope of her employment with DSS to file the underlying abuse and neglect petition, we hold that the petition in question was properly signed and verified and that this petition sufficed to give the trial court jurisdiction over the subject matter of this case.

## III. Conclusion

Thus, for the reasons set forth above, Respondent-Mother's sole challenge to the trial court's termination order lacks merit. As a result, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Judges ROBERT N. HUNTER, JR., and DAVIS concur.

Report per Rule 30(e).