**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1638**

PRECISION COMPONENTS, INCORPORATED,

                    Plaintiff - Appellant,

          v.

C.W. BEARING USA, INCORPORATED,

                    Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:05-cv-00389-GCM)

Submitted:  June 6, 2008                    Decided:  July 9, 2008

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Donald M. Brown, Jr., J. Scott Hampton, BROWN & ASSOCIATES, PLCC, Charlotte, North Carolina, for Appellant. Jackson N. Steele, Mark R. Kutny, HAMILTON MOON STEPHENS STEELE & MARTIN, PLLC, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Precision Components, Inc., appeals the district court's order granting the motion in limine of C.W. Bearing USA, Inc., to exclude evidence regarding Precision Components' quantum meruit cause of action related to its sales of C.W. Bearing's products in Mexico, Michigan, Missouri, and Arkansas. Finding no error, we affirm the judgment of the district court.

The parties arranged for Precision Components to act as a sales agent for C.W. Bearing, a ball bearings manufacturer. The parties entered into a "Memorandum of Understanding," which provided for commission for product sales only in North Carolina, South Carolina, Virginia, Maryland, Delaware, Tennessee, Georgia, Florida, Alabama, and Minnesota, unless the parties agreed otherwise. The agreement specifically excluded "bearing manufacturers, brokers and any bearings which a customer takes possession of outside the US including China, Mexico etc." (J.A. 181). The memorandum further provided that if it was terminated by either party for cause, C.W. Bearing would continue to "pay commissions on shipments made on open orders for 90 days." (J.A. 181). If the agreement was terminated without cause, a longer commission period applied.

Relations between the parties deteriorated, and C.W. Bearing ultimately terminated the agreement. Precision Components

filed suit against C.W. Bearing for breach of contract, among other claims. It additionally alleged alternate grounds for relief, stating, "In the event that the court finds that the memorandum of understanding does not technically constitute a contract between the parties, the plaintiff is entitled to recover based upon quantum meruit for services rendered by the plaintiff under the memorandum of understanding." (J.A. 25).

C.W. Bearing agreed the parties had a contract, as evidenced by the memorandum of understanding. C.W. Bearing moved in limine to exclude all evidence not related to the memorandum of understanding, including evidence related to the quantum meruit claim. At the pretrial hearing on the motion, Precision Components argued that the sales to entities in Mexico, Michigan, Missouri, and Arkansas were not covered by the memorandum of understanding, and thus it should not be limited to the memorandum's provision for C.W. Bearing to pay commissions for only ninety days after a "for cause" termination. For this argument, Precision Components relied on the explicit language of the agreement limiting it to certain territories. C.W. Bearing responded that the parties modified the agreement by their course of dealing and all of the commissions, regardless of origin, were limited by the terms of the memorandum.

The district court granted the motion in limine, ruling that the memorandum of understanding encompassed the territories at issue even though they were not explicitly enumerated in the

written memorandum. Thus, the court limited evidence regarding all sales to the time frame following termination of the agreement specified in the memorandum.

The jury concluded that C.W. Bearing terminated the memorandum of understanding for cause. The parties stipulated to the amount of damages, and the district court entered judgment accordingly. Precision Components timely appealed, challenging only the ruling on the motion in limine.

In holding that the memorandum of understanding encompassed the territories at issue even though they were not enumerated in the written agreement, the district court implicitly found the parties' conduct modified the contract to include those geographic areas. "A modification [of] a contract occurs if there is mutual assent to the terms of the modification and consideration for the contract." Lewis v. Edwards, 554 S.E.2d 17, 23 (N.C. App. 2001).* A written contract may be modified by the parties' subsequent course of conduct. Son-Shine Grading, Inc. v. ADC Constr. Co., 315 S.E.2d 346, 349 (N.C. App. 1984).

Precision Components performed services for C.W. Bearing in four territories not originally listed in the agreement:

---

*A federal court sitting with diversity jurisdiction applies the choice of law rules from the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). In North Carolina, the forum state, the construction of a contract is determined by the law of the place where the contract was formed. Davis v. Davis, 152 S.E.2d 306, 310 (N.C. 1967). The parties agree that North Carolina law applies to the case.

Arkansas, Michigan, Missouri, and Mexico. C.W. Bearing paid Precision Components commissions for that work. The commission statements C.W. Bearing issued detailing the payment checks included accounts both in and out of those territories. The parties' conduct thus demonstrated their mutual assent to modify the terms of the agreement to include additional geographic areas. C.W. Bearing provided consideration for the sales in the territories at issue by paying Precision Components commissions for the additional services provided. Therefore, the district court did not err in finding that the parties modified the written agreement, and that the limitations in the memorandum as to the length of time for which Precision Components could earn commissions following the termination of the contract were the same for all territories, including those not enumerated in the written agreement.

As for Precision Components' argument that North Carolina law allows a plaintiff to recover damages for both breach of contract and quantum meruit, the district court did not hold otherwise. Rather, the district court held the parties' contract specified the method for calculating commissions following a termination, thus rendering Precision Components' request for an alternative award based upon the reasonable value of those services moot. See Keith v. Day, 343 S.E.2d 562, 570 (N.C. App. 1986)

(holding the plaintiff could not recover in quantum meruit for services provided pursuant to the parties' express contract).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>